

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00420-CV

**TIME WARNER, INC.** and Time Warner Cable, LLC,
Appellants

v.

Dulio **GONZALEZ**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-06770
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: June 11, 2014

REVERSED AND REMANDED

This appeal arises from a personal injury lawsuit brought by Dulio Gonzalez against Time

Warner, Inc. and Time Warner Cable, LLC (Time Warner). In two issues on appeal, Time Warner

contends the trial court erred in: (1) denying its request to withdraw deemed admissions; and (2)

awarding pre-judgment interest. We sustain Time Warner's first issue, reverse the trial court's

judgment, and remand the cause to the trial court for a new trial. Because our resolution of Time

Warner's first issue is dispositive of this appeal, we do not address Time Warner's second issue.

*See* TEX. R. APP. PROC. 47.1.

**BACKGROUND**

In the underlying lawsuit, Gonzalez alleged that he suffered injury when he tripped on an exposed cable in his backyard that was negligently installed or maintained by Time Warner. In Gonzalez's original and amended petitions, Gonzalez included requests for admission related to liability and damages.[1] Time Warner timely answered the lawsuit with an unverified denial, asserting that Time Warner, Inc. and Time Warner Cable, LLC were not proper parties to the lawsuit, but rather Time Warner Cable San Antonio, L.P. (Time Warner San Antonio) was the only proper party.

Time Warner San Antonio responded to the requests for admission originally sent to Time Warner. In subsequent pleadings, Time Warner repeated that Time Warner San Antonio was the proper defendant, not Time Warner; however, these pleadings were not verified. *See* TEX. R. CIV. P. 93(2) (requiring that a pleading asserting "that the defendant is not liable in the capacity in which he is sued" be verified by affidavit).

After a jury was selected but before opening statements, Gonzalez first made a motion to nonsuit Time Warner San Antonio. Then, for the first time, Gonzalez argued that his requests for admission were deemed admitted because they were never answered by Time Warner. Although Gonzalez acknowledged that Time Warner San Antonio responded to the requests, Gonzalez noted that Time Warner San Antonio was not, and had never been, a party to the lawsuit.[2] Because the deemed admissions established liability and the amount of damages, Gonzalez requested a

---

[1] Gonzalez requested that Time Warner admit that: (1) it "failed to maintain the premises at issue in a reasonable safe condition;" (2) it "knew that the exposed cable at the premises at issue presented a dangerous condition;" (3) "in the exercise of reasonable diligence, [Time Warner] should have discovered that there was an unreasonably dangerous condition within the premises at issue prior to the incident;" (4) there "were complaints of dangerous conditions within the premises at issue prior to the incident;" (5) its "negligence was the proximate cause of the occurrence in question;" (6) Gonzalez "did not commit any act of negligence that caused this incident;" (7) Gonzalez was injured "as the result of a dangerous condition created by [Time Warner];" and (8) as a result of that injury, Gonzalez "incurred $900,000 in damages."

[2] We note that this argument appears to be inconsistent with Gonzalez's motion to nonsuit Time Warner San Antonio.

judgment against Time Warner for $900,000. In response to Gonzalez's request, Time Warner argued that Time Warner San Antonio was a party to the suit because in Time Warner's answer and subsequent pleadings, Time Warner stated that Time Warner San Antonio was the only proper defendant. Time Warner also made a request to withdraw the deemed admissions. After the trial court denied Time Warner's request, the parties agreed to waive the jury and proceed to a bench trial. The trial court entered a final judgment against Time Warner, awarding Gonzalez $900,000 in damages plus interest and costs.

## STANDARD OF REVIEW

A request for admission is a "written request[] that the other party admit the truth of any matter within the scope of discovery . . . ." TEX. R. CIV. P. 198.1. "If a response is not timely served, the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c). An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3. A trial court has discretion to permit a party to withdraw an admission if: (a) the party shows good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the lawsuit's merits is served by the withdrawal. *See id.*; *Cleveland v. Taylor*, 397 S.W.3d 683, 694 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

We review a trial court's decision to permit or deny withdrawal of deemed admissions for an abuse of discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). "An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably." *Id.* Texas Rule of Civil Procedure 198.3 provides the "guiding rules or principles" the trial court must follow when ruling on a request to withdraw deemed admissions. *See id.* at 621. Additionally, when due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, the trial court must follow the guiding rules

and principles established by *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam). *In re Rozelle*, 229 S.W.3d 757, 763 (Tex. App.—San Antonio 2007, orig. proceeding).

## DEEMED ADMISSIONS

### A. *Good Cause*

"Good cause" can be shown when a party's failure to answer "was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." *Stelly*, 927 S.W.2d at 622. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." *In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d 772, 775 (Tex. App.—Tyler 2001, orig. proceeding) (quoting *Spiecker v. Petroff*, 971 S.W.2d 536, 538 (Tex. App.—Dallas 1997, no pet.)). Good cause also exists when due process concerns are implicated by deemed admissions that act as a merits-preclusive discovery sanction, absent bad faith or callous disregard on the part of the party requesting withdrawal. *Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) (per curiam).

### 1. *Merits-Preclusive Effect*

In *Wheeler*, the Texas Supreme Court first held that when deemed admissions are not used as intended and "preclude presentation of the merits of a case, . . . due-process concerns arise." 157 S.W.3d at 443 (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917–18 (Tex. 1991)). Requests for admission are intended to simplify trials by "addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents . . . ." *Id.* They are not intended to require a defendant to admit the validity of a plaintiff's claims or concede his defenses. *Marino*, 355 S.W.3d at 632. Nor are they intended to be used as "traps for the unwary." *Stelly*, 927 S.W.2d at 622; *see also Marino*, 355 S.W.3d at 632 ("requests for admission should be used as 'a tool, not a trapdoor'") (quoting *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)).

Gonzalez contends that the deemed admissions do not raise due process concerns because Time Warner had the opportunity to enter evidence, but chose not to do so. The requests for admission concerned Time Warner's liability, its defense of contributory negligence, and the amount of damages. The trial court indicated on the record that it would not allow Time Warner to introduce evidence conflicting with the deemed admissions.[3] Because of the breadth of the admissions, Time Warner was essentially precluded from offering any relevant evidence. In addition to the deemed admissions, Gonzalez introduced the entire depositions of Gonzalez, Gonzalez's wife, and Gonzalez's doctors. When Time Warner re-urged the objections it previously made to various parts of the depositions, the trial court immediately overruled all of the objections, citing the existence of the deemed admissions. Based on this record, it is clear that the trial court's decision to render judgment in favor of Gonzalez was based solely on the deemed admissions conclusively establishing the ultimate legal issues in the case. Accordingly, because the requests for admission were not used as intended, and had a merits-preclusive effect, the resulting due process concerns establish good cause for their withdrawal. *See Marino*, 355 S.W.3d at 634.

### 2. *Flagrant Bad Faith or Callous Disregard*

Because the deemed admissions in this case were merits-preclusive, thereby raising due process concerns, the trial court was required to allow their withdrawal unless the party requesting withdrawal acted with "flagrant bad faith or callous disregard of the rules." *Wheeler*, 157 S.W.3d at 443. "Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong

---

[3] The trial court stated: "So I think procedurally I need to let [Gonzalez's counsel] proceed. He's got deemed admissions. You filed general denials as to those two defendants, so I mean, I – I guess [Time Warner's counsel] gets to cross examine them. But I guess he just can't offer any other evidence on his part, is what I am seeing."

for dishonest, discriminatory, or malicious purpose." *Armstrong v. Collin Cnty. Bail Bond Bd.*, 233 S.W.3d 57, 63 (Tex. App.—Dallas 2007, no pet.).

As a preliminary matter, the parties dispute who bore the burden to prove that Time Warner acted with bad faith or callous disregard. Time Warner argues the burden rests with Gonzalez, citing *Marino*. Conversely, Gonzalez contends that the burden was on Time Warner, as the party requesting withdrawal, to prove that it did not act with bad faith or callous disregard.

Ordinarily, the burden of showing good cause and no undue prejudice lies with the party seeking withdrawal of deemed admissions. *Boulet v. State*, 189 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When the due process concerns recognized in *Wheeler* are implicated, however, the Texas Supreme Court has stated that the burden lies with the summary judgment movant. *Marino*, 355 S.W.3d at 634. Because the party moving for summary judgment based on deemed admissions would logically be the party opposing withdrawal of those admissions, we read *Marino* to place the burden on the party opposing withdrawal. This is consistent with other forms of discovery sanctions, where the burden of proving bad faith rests with the party seeking sanctions. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (orig. proceeding); *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 184 (Tex. App.—Texarkana 2011, no pet.). Accordingly, we hold that Gonzalez had the burden of proving that Time Warner acted with bad faith or callous disregard.

Time Warner contends that Gonzalez offered no evidence to establish that it acted with bad faith or callous disregard. Time Warner concedes that it made a mistake by not substituting the correct party as a defendant by a verified pleading, but argues this mistake does not rise to the level of flagrant bad faith or callous disregard. Gonzalez, on the other hand, contends that Time Warner acted in flagrant bad faith because it intentionally answered discovery on behalf of an entity that

had not been sued and that Time Warner callously disregarded the rules of civil procedure when it failed to take the proper procedural steps to verify its denial.

The record contains no evidence establishing that Time Warner acted with bad faith or callous disregard of the rules of procedure. At most, the record establishes that Time Warner was negligent in failing to properly substitute the correct defendants as parties. Time Warner fully participated in litigating the case for two years, including responding to discovery requests, developing evidence, and participating in mediation. There is no evidence to suggest that Time Warner knew of its mistake prior to the day of trial, when Gonzalez brought it to its attention. Accordingly, we hold that Gonzalez failed to establish that Time Warner acted with flagrant bad faith or callous disregard. *See Smith v. Nguyen*, 855 S.W.2d 263, 267 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (attorney's mistaken belief concerning active parties to lawsuit resulting in missed deadlines did not amount to callous disregard).

### B. Undue Prejudice

Notwithstanding good cause for withdrawal, we must also consider whether the withdrawal would have caused Gonzalez undue prejudice. *See Wheeler*, 157 S.W.3d at 444 (holding that deemed admissions raised due process concerns but also considering undue prejudice); *see also Marino*, 355 S.W.3d at 634 (same); *but see Thomas v. Select Portfolio Servicing, Inc.*, 293 S.W.3d 316, 321 (Tex. App.—Beaumont 2009, pet. denied) (holding trial court abused its discretion by not permitting withdrawal of deemed admissions implicating due process concerns but not addressing undue prejudice). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443. Gonzalez contends that withdrawal of the deemed admissions would have caused undue prejudice because he chose not to develop evidence in reliance on the deemed admissions. Citing *Morgan v. Timmers Chevrolet, Inc.*, 1 S.W.3d 803 (Tex. App.—

Houston [1st Dist.] 1999, pet. denied), Gonzalez argues that he was entitled to rely on the deemed admissions in this manner as the basis for his trial strategy.

Time Warner responds that Gonzalez suffered no undue prejudice because his choice to forego depositions and rely solely on the deemed admissions was a "situation of his own creation." Time Warner contends that Gonzalez was not *unable* to prepare for trial, he simply *chose* to not prepare for trial based on his planned use of a discovery trap.

In *Morgan*, the plaintiff brought a premises liability claim against his employer. 1 S.W.3d at 804. The plaintiff served the defendant with thirty-four requests for admission, but the defendant answered only eighteen. *Id.* at 805. When the plaintiff brought this error to the defendant's attention, the defendant responded again with a copy his previous response containing only eighteen responses. *Id.* When the plaintiff attempted to admit the fifteen unanswered requests as deemed admissions at trial, the defendant moved to withdraw them. *Id.* Although the plaintiff explained that he chose not to take certain depositions based on the evidence established by the deemed admissions, the trial court permitted the defendant to withdraw the deemed admissions. *Id.* at 805–806.

On appeal, the court of appeals reversed the trial court. The court of appeals did not decide whether good cause existed for withdrawal, but noted the error was brought to the defendant's attention prior to trial, which weighed against a finding of good cause. *Id.* at 807. The court then held that the plaintiff suffered undue prejudice because he relied on the deemed admissions in deciding not to develop evidence to support the deemed facts. *Id.* The court held the plaintiff "[was] entitled to rely on the guiding rules and principles set out in the Rules of Civil Procedure regarding deemed admissions." *Id.*

As the *Morgan* case illustrates, "[u]ndue prejudice has generally been found in those instances in which a party waited until the day of trial or after to request the withdrawal of deemed

admissions." *Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 215 (Tex. App.—Dallas 2004), *overruled on other grounds by*, *Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631 (Tex. 2005) (per curium). In those instances, the party relies on the deemed admissions in deciding not to take depositions or otherwise develop evidence to support the deemed facts. *Morgan*, 1 S.W.3d at 807 n.5. If the trial court allows the deemed admissions to be withdrawn, the party relying on them would need additional time to develop the evidence, and the delay in trial would cause undue prejudice. Likewise, undue prejudice results because that party is denied an opportunity to develop necessary evidence, hampering its ability to prepare for trial. *See Reyes v. Int'l Metals Supply Co.*, 666 S.W.2d 622, 625 (Tex. App.—Houston [1st Dist.] 1984, no writ.) (defendant suffered undue prejudice where plaintiff requested withdrawal of deemed admissions after trial was underway because defendant "had no reason to be prepared to offer proof" of the facts deemed admitted).

*Morgan*, however, significantly pre-dated *Wheeler* and did not address any merits-preclusive due process concerns. Additionally, the court of appeals that decided *Morgan* has since declined to apply its reasoning in holding that a party is not unduly prejudiced when deemed admissions, which improperly "embrace controverted issues that go to the heart of [the] case," are withdrawn during trial. *In re A.A.*, No. 01-13-00542-CV, 2013 WL 6569922, at*15 (Tex. App.—Houston [1st Dist.] Dec. 12, 2013, no pet. h.) (mem. op.).

We find the analysis in *In re A.A.* to be instructive. The primary purpose of requests for admission is "to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove." *Stelly*, 927 S.W.2d at 622 (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)); *accord Marino*, 355 S.W.3d at 632. Requests for admission are useful when "addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents." *Wheeler*, 157 S.W.3d at 443. They were "never

intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Stelly*, 927 S.W.2d at 622 (quoting *Sanders*, 227 S.W.2d at 208). Therefore, requests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case. *Cedyco Corp. v. Whitehead*, 253 S.W.3d 877, 880 (Tex. App.—Beaumont 2008, pet. denied) (reversing summary judgment based on deemed admission concerning which party was the "sole legal owner" of a judgment); *see Boulet*, 189 S.W.3d at 838 (admission improper because it was a "fundamental issue[] to be tried," holding the rule regarding requests for admission does not "contemplate or authorize admissions to questions involving points of law"); *Lucas v. Clark*, 347 S.W.3d 800, 804 (Tex. App.—Austin 2011, pet. denied) (request that opposing party admit that he suffered ten million dollars in damages was improper, holding "overly broad, merit-preclusive requests for admission[] are improper and may not result in deemed admissions").

When the party requesting admissions knew or should have known that the admissions were improper in this regard, that party cannot be said to have relied on the admissions in deciding not to otherwise develop evidence. While that party may be prejudiced by the withdrawal of the admissions during the trial, that prejudice is not "undue." *See Marino*, 355 S.W.3d at 632 (holding that plaintiff's request that defendant admit to the validity of plaintiff's claims and concede the defendant's defenses, matters the plaintiff "knew to be in dispute," were improper); *see also Wells v. Best Ins. Servs., Inc.*, No. 13-09-00236-CV, 2010 WL 4264792, at*5 (Tex. App.—Corpus Christi Oct. 28, 2010, no pet.) (mem. op.) (finding no undue prejudice where the party propounding the deemed admissions did not conduct discovery in reliance on deemed admissions because that party was aware of the opposing party's contradictory legal positions based on the pleadings); *see also Thompson v. Woodruff*, 232 S.W.3d 316, 322 (Tex. App.—Beaumont 2007, no pet.) (finding no undue prejudice and considering that the defendant propounding the deemed admissions "could

not have been misled into thinking" that the plaintiff was admitting that the defendant was not negligent when that proposition was clearly inconsistent with the plaintiff's pleadings); *see also Employers Ins. of Wasau v. Halton*, 792 S.W.2d 462, 467 (Tex. App.—Dallas 1990, writ denied) (considering a party's knowledge that issues were controverted in finding no undue prejudice).

In this case, Gonzalez sought admissions that Time Warner's negligence was the proximate cause of Gonzalez's injuries and that Gonzalez was not negligent—controverted legal issues that completely established Gonzalez's negligence claim and completely negated Time Warner's contributory negligence defense. Because these requests for admission were improper, Gonzalez was not justified in relying on them in deciding not to develop evidence to support his claim. Accordingly, we hold that Gonzalez was not "unduly" prejudiced by the withdrawal of the deemed admissions.

## C. *Presentation of the Merits*

Lastly, the trial court must consider whether the "presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission." TEX. R. CIV. P. 198.3. Presentation of the merits is not served when "the case is decided on deemed (but perhaps untrue) facts . . . ." *Wheeler*, 157 S.W.3d at 443 n.2. As discussed, the merits of this case were never truly litigated because the case was decided on deemed admissions. There is no question that presentation of the merits would have been served by the trial court's withdrawal of the deemed admissions. *See In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d at 777 (considering that the admissions at issue would "vitiate any substantive defense" the party might have had in concluding that presentation of the merits will be served). Accordingly, the trial court abused its discretion when it denied Time Warner's request to withdraw the deemed admissions.

## WAIVER

Gonzalez argues that Time Warner did not preserve error on the deemed admissions issue because it failed to obtain a ruling from the trial court on its motion for leave to file late discovery responses. Gonzalez points to no authority, however, requiring such a motion in order to preserve a complaint that a trial court abused its discretion in denying a request to withdraw deemed admissions. A request to withdraw deemed admissions is sufficient to "make the trial court aware of the complaint." TEX. R. APP. PROC. 33.1(a)(1)(A); *see Wheeler*, 157 S.W.3d at 442. On the record, Time Warner's counsel requested "that the Court undeem the admissions." Later, during the same proceeding, Time Warner's counsel made reference to this objection. In response, the trial court stated: "Based on where we are today I will overrule the objection." Accordingly, we hold that Time Warner preserved error on the deemed admissions issue.

## CONCLUSION

In conclusion, we hold that the trial court abused its discretion when it denied Time Warner's request to withdraw the deemed admissions. The record contains evidence establishing that Time Warner had good cause for the withdrawal because the deemed admissions acted as merits-preclusive sanctions that raised due process concerns. Gonzalez would not have been unduly prejudiced by relying on improper requests for admission, and presentation of the merits would have been served by withdrawal of the admissions. The trial court's judgment is reversed and the cause is remanded for a new trial.

Catherine Stone, Chief Justice