**Opinion filed March 3, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00295-CV

_____

## ARROW AUTOMATIC FIRE PROTECTION, INC., Appellant

## V.

## WESLEYAN CORPORATION, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV1242779**

### M E M O R A N D U M   O P I N I O N

This appeal arises from a summary judgment based in part upon deemed admissions. Appellant, Arrow Automatic Fire Protection, Inc., failed to timely respond to requests for admission served on it by Appellee, Wesleyan Corporation. The requests for admission were deemed "admitted" by operation of law. *See* TEX. R. CIV. P. 198.2(c). After Wesleyan filed a motion for partial summary judgment based in part upon the deemed admissions, Arrow filed a motion to

withdraw the deemed admissions. The trial court denied the motion to withdraw the deemed admissions. Wesleyan then filed a supplemental motion for summary judgment and no-evidence summary judgment. Wesleyan relied upon on the trial court's order denying Arrow's request to withdraw the deemed admissions in seeking this summary judgment. The trial court granted summary judgment in favor of Wesleyan.

In two issues, Arrow asserts that (1) the trial court erred when it denied Arrow's motion to withdraw the deemed admissions and (2) the trial court erred when it granted Wesleyan's motions for summary judgment. We reverse and remand.

*Background Facts*

Arrow entered into an agreement with Wesleyan to install fire sprinkler systems in buildings in Eastland and Brownwood. A dispute arose between the parties concerning the placement of a sprinkler control panel in the Eastland building. The sprinkler system was never installed in Brownwood.

Wesleyan filed the underlying suit against Arrow in Eastland County. Arrow's initial counsel, Jarrod S. Busby from Lubbock, retained attorney Dietrich O. Odom to serve as local counsel in the Eastland County suit. Busby prepared an original answer, which contained a general denial as well as a motion to transfer venue and a motion to abate, and e-mailed it to Odom for filing.

Wesleyan's original petition contained requests for admission that asked for Arrow to admit liability and damages for breach of contract. Odom subsequently obtained a copy of the original petition. When Odom realized that it contained requests for admission that had not been answered, he contacted Busby who informed him that he and Wesleyan's attorney had agreed to extend discovery deadlines.

2

Over the course of three months, Odom made numerous attempts to contact Busby and Wesleyan's attorney to determine the status of this case and obtain a copy of the Rule 11 agreement extending the discovery deadline. Odom eventually received a Rule 11 agreement signed by Wesleyan's attorney, although it had not been signed by Busby. After making numerous calls and sending numerous e-mails, as well as a certified letter to Busby, Odom contacted Arrow and worked with it directly to prepare a response to the requests for admission, which Odom served on Wesleyan in December 2013. Odom filed the response as the only attorney listed for Arrow.

In June 2014, Wesleyan filed a motion for partial summary judgment premised on the deemed admissions. A week later, Odom filed a motion seeking to withdraw the deemed admissions on behalf of Arrow. After holding a hearing on Arrow's motion to withdraw the deemed admissions, the trial court denied Arrow's request to withdraw the deemed admissions. Wesleyan subsequently filed a supplemental no-evidence motion for summary judgment. The trial court granted both of Wesleyan's motions for summary judgment.

*Analysis*

In its first issue, Arrow asserts that the trial court abused its discretion when it denied Arrow's motion to strike deemed admissions. A request for admission is a "written request[ ] that the other party admit the truth of any matter within the scope of discovery." TEX. R. CIV. P. 198.1. "If a response is not timely served, the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c). An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3.

A trial court may allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice. *Id.*; *see Marino v. King*, 355 S.W.3d

3

629, 633 (Tex. 2011). The Texas Supreme Court addressed the requisite demonstration of good cause and undue prejudice in *Wheeler v. Green*. 157 S.W.3d 439, 442–43 (Tex. 2005). Good cause "is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Id.* at 442. Undue prejudice depends "on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id.* at 443.

"Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles." *Marino*, 355 S.W.3d at 633 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). Due process concerns are implicated when "merits-preclusive" requests for admission are involved and a party uses deemed admissions to try to preclude presentation of the merits of a case. *Id.* at 633–34 (citing *Wheeler*, 157 S.W.3d at 443–44). Due process bars merits-preclusive deemed admissions "absent flagrant bad faith or callous disregard for the rules." *Wheeler*, 157 S.W.3d at 443.

Thus, "[a] different standard applies when the deemed admissions are merit-preclusive." *In re Sewell*, 472 S.W.3d 449, 455 (Tex. App.—Texarkana 2015, orig. proceeding). Ordinarily, the burden of showing good cause lies with the party seeking withdrawal of deemed admissions. *Id.* at 456; *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied). But when the deemed admissions are merit-preclusive, the party opposing the withdrawal of the admissions has the burden to show that the party seeking the withdrawal acted with bad faith or callous disregard for the rules. *See Medina v. Raven*, 492 S.W.3d 53, 61–62 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Time Warner*, 441 S.W.3d at 666 (citing *Marino*, 355 S.W.3d at 634); *In re TT-Fountains*

*of Tomball, Ltd.*, No. 01-15-00817-CV, 2016 WL 3965117, at *6 (Tex. App.—Houston [1st Dist.] July 21, 2016, orig. proceeding) (mem. op.).

"[R]equests for admission should be used as 'a tool, not a trapdoor.'" *Marino*, 355 S.W.3d at 632 (quoting *U.S. Fid. and Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)). "Requests for admission are intended to simplify trials. They are useful when 'addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents.'" *Id.* (quoting *Wheeler*, 157 S.W.3d at 443). As was the case in *Marino*, Wesleyan's requests for admission included requests asking Arrow to admit to the validity of Wesleyan's claims—matters Wesleyan knew to be in dispute. Specifically, Wesleyan requested that Arrow admit or deny the following matters:

> That Arrow "did not timely perform its work at the Eastland property resulting in a breach of its agreement with Wesleyan" (No. 3);

> That Arrow "wholly failed to perform its work at the Brownwood property resulting in a breach of its agreement with Wesleyan" (No. 4);

> That Arrow "proceeded forward with installing the fire sprinkler system without any regard to the objections and/or modifications required by Wesleyan which constituted a breach of Arrow's agreement with Wesleyan" (No. 10);

> That Arrow "proceeded forward with installing the fire sprinkler system controls in a location without regard to the engineered drawings submitted to the City of Eastland which is unlawful" (No. 11);

> That Arrow "proceeded forward with installing the fire sprinkler system controls in a location without regard to the instructions of Wesleyan which constituted a breach of Arrow's agreement with Wesleyan (No. 12);

> That "in connection with the Eastland project, Arrow has no evidence to dispute that Wesleyan had to incur over $4,800 in costs associated with Arrow's breach" (No. 14); and

That "in connection with the Brownwood project, Arrow has no evidence to dispute that Wesleyan had to incur over $27,959 in costs associated with Arrow's breach" (No. 15).

"Requests for admission were never intended for this purpose." *Id.* (citing *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam)); *see Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950) (stating that requests for admission were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense"). Accordingly, we must determine if the record establishes flagrant bad faith or callous disregard for the rules. *See Marino*, 355 S.W.3d at 633.

Arrow supported its motion to withdraw the deemed requests with an affidavit from Odom detailing his communications with Busby. Odom asserted that he had difficulty communicating with Busby, made numerous calls to Busby without hearing back from him, and eventually contacted Arrow directly so that he could file a response to the requests for admission. At the hearing, Odom advised the trial court that Busby "had sort of semi shut down his practice to go back to his family business of farming" and that Odom "was unable to get in touch with him."

Both parties focused their attention at the hearing on Busby's conduct and the fact that he had "dropped the ball." Wesleyan's counsel emphasized that Busby had missed the deadline for responding to the requests for admission twice because he did not timely respond to them after being granted an extension. Wesleyan asserts on appeal that Odom should have intervened sooner to respond to the requests for admission.

Because the deemed admissions included merit-preclusive admissions, Wesleyan had the burden to establish flagrant bad faith or callous disregard for the rules even though Arrow was the party seeking to withdraw the deemed admissions. We conclude that Wesleyan did not satisfy this burden. We are guided in our

6

conclusion by the Texas Supreme Court's decision in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918–19 (Tex. 1991). When courts impose sanctions that preclude the presentation of the case on the merits, *TransAmerican* requires the trial court to determine whether the sanctions should be imposed on the party, the attorney, or both. 811 S.W.2d at 918–19. The record in this case does not support the imposition of merit-preclusive sanctions against Arrow for the shortcomings of its counsel. Furthermore, there is nothing to justify a presumption that Arrow's claims lack merit. *See Marino*, 355 S.W.3d at 634; *Wheeler*, 157 S.W.3d at 443–44. Accordingly, we find good cause to withdraw the deemed admissions.

We must next consider whether the withdrawal of the deemed admissions would have caused undue prejudice or whether presentation of the merits of the action would be subserved by permitting Arrow to withdraw the admissions. *See* TEX. R. CIV. P. 198.3(b). Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *Wheeler*, 157 S.W.3d at 443. Wesleyan filed its initial motion for summary judgment five months after it received Arrow's untimely response to the requests for admission. Arrow filed its motion to withdraw the deemed admissions within a week, and the trial court heard the motion the next month. The hearing on the motion for summary judgment occurred two months later. We conclude that withdrawing the deemed admissions would not have delayed trial, which was never set, or significantly hampered Wesleyan's ability to prepare for trial. Furthermore, presentation of the merits is not served when "the case is decided on deemed (but perhaps untrue) facts." *Wheeler*, 157 S.W.3d at 443 n.2. We conclude that the trial court should have allowed the deemed admissions to be withdrawn. *See* TEX. R. CIV. P. 198.3. Accordingly, we sustain Arrow's first issue.

7

In Arrow's second issue, it asserts that the trial court erred in granting Wesleyan's motion for summary judgment. Arrow premises this issue on its first issue and asserts that the trial court erred in granting summary judgment on the deemed admissions. In response, Wesleyan asserts that the summary judgment "was not based entirely upon the deemed admissions." In light of our disposition of Arrow's first issue, we have reviewed the motions for summary judgment to determine if they could be upheld without consideration of the deemed admissions. We conclude that they cannot be affirmed because of fact issues in the summary judgment evidence.

We review a grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)).

When reviewing a traditional summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79.

After reviewing the summary judgment evidence submitted by Arrow to the trial court, it is clear that material issues of fact exist as to whether Arrow breached the contracts for both the Eastland project and the Brownwood project. A party breaches a contract when it fails to perform an act that he has expressly or impliedly promised to perform. *Examination Mgmt. Svcs., Inc. v. Kersh Risk Mgmt., Inc.*, 367 S.W.3d 835, 844 (Tex. App.—Dallas 2012, no pet.). If the breach is material, the other party is discharged or excused from further performance. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 198 (Tex. 2004). Whether a party's breach is so material as to render the contract unenforceable is ordinarily a question of fact. *Id.* at 199.

Regarding the Eastland project, an affidavit signed by a representative of Arrow provides that a representative of Wesleyan "specifically told [Arrow] that he wanted the riser installed [in] the corner of the building." This contradicts Wesleyan's assertion in its first motion for summary judgment that "Arrow disregarded the specific terms and conditions expressed in Wesleyan's November 20, 2011 letter by not placing the sprinkler controls 'in a suitable place that is out of

reach of the AHS clients' or adhered to the engineered drawings submitted to the City."

Regarding the Brownwood project, Arrow's affidavit provides that "it was understood between [the parties] that Arrow would complete the Eastland Project and receive payment in full before moving on to the Brownwood Project." This contradicts Wesleyan's assertion in its first motion for summary judgment that "[a]s to the Brownwood agreement, Arrow completely breached its agreement by performing no work or services." We find that a genuine issue of material fact exists as to the alleged breaches of contract on both projects and that the trial court erred in granting Wesleyan's motions for summary judgment. Accordingly, we sustain Arrow's second issue.

### *This Court's Ruling*

We reverse the trial court's order denying Arrow's motion to withdraw deemed admissions, vacate the trial court's order granting both of Wesleyan's motions for summary judgment, and remand this cause to the trial court for further proceedings consistent with this opinion.

JOHN M. BAILEY

JUSTICE

March 3, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

10