

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00428-CV

**FIFTY-ONE THOUSAND ONE HUNDRED AND TWENTY-FOUR DOLLARS** in US
Currency, et al.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-17-658-A
Honorable Jose Luis Garza, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Rebeca C. Martinez, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: April 24, 2019

REVERSED AND REMANDED

This is an appeal from a severed, partial summary judgment in favor of the State of Texas based on deemed admissions. Appellant Graciano Garcia asserts the trial court lacked subject matter jurisdiction because the forfeiture petition was not timely filed and the State failed to name Maria Soza-Lopez ("Soza") as an interest holder or serve her with process within the thirty-day statute of limitations. Garcia also contends the trial court erred by granting a partial summary judgment based on deemed admissions. We reverse the trial court's judgment and remand the cause for a new trial.

**BACKGROUND**

On November 3, 2017, investigators from the Starr County High Intensity Drug Trafficking Area Task Force and U.S. Border Patrol agents arrived at the home of Garcia and his wife Soza based on a tip that narcotics were being stored at the home and in a vacant lot adjacent to the home. Garcia gave the investigators consent to search his home and gave them keys to a travel trailer that was located on the property. After the investigators found an eleven-pound brick of marijuana in the travel trailer, Garcia withdrew his consent to the search because he was told Soza was also going to be detained. After Garcia withdrew his consent, the property was secured while a valid search warrant was obtained. As a result of the search, the investigators seized: (1) $51,124 of U.S. currency located in the home; (2) a 2010 beige Cadillac SRX; (3) a 2005 Ford F-150 truck; and (4) a 2006 Cherokee Travel Trailer. During the investigation, Soza stated the currency did not belong to her, and she did not know it was in the residence.

On November 21, 2017, the State filed its original notice of seizure and intended forfeiture of the assets listed above and named: Garcia as the owner of the currency and the Cadillac SRX; Alejandro Rodriguez as the owner of the F-150; and Jose Lopez as the owner of the travel trailer. These were the only individuals named as claimants of the assets in the original notice of seizure. The notice alleged that the date of seizure was September 21, 2017, however, the investigator's affidavit attached to the notice attested to the actual seizure date of November 3, 2017. Garcia filed an answer claiming he was an innocent owner of the alleged contraband. Neither of the other claimants filed an answer.

On December 21, 2017, the State sent Garcia a request for admissions. Garcia did not respond. On January 26, 2018, the State filed a motion for partial summary judgment based on deemed admissions. The summary judgment hearing was scheduled for March 3, 2018, and Garcia filed a motion to strike the deemed admissions on February 28, 2018. Garcia claimed he was not

able to respond to the request for admissions because a discrepancy with his work calendar caused a scheduling conflict and he was not able to return to Starr County in time to answer the admissions. The trial court denied the motion to strike deemed admissions and granted partial summary judgment in favor of the State as to the $51,124 of U.S. currency, only. Subsequently, the trial court granted the State's motion to sever the forfeiture of the $51,124 into a separate cause making the summary judgment final as to that asset. Garcia appeals.

### NECESSARY PARTIES

In his first issue, Garcia argues that the forfeiture proceeding should be dismissed because Soza and Jose Infante, another individual who was in possession of the F-150 truck during the search, were not made parties to the original suit. Because the trial court's summary judgment relates only to the $51,124 in U.S. currency, Infante's claims are not at issue in this appeal.

Garcia claims Soza is an interest holder in the currency and, because the State did not perfect service of process on Soza, the forfeiture proceeding is barred by article 59.04's thirty-day limitation period. TEX. CODE CRIM. PROC. ANN. § 59.04 (requiring the State's attorney to send certified copies of the notice of seizure and intended forfeiture to be served on any owner and possessory interest holder of the seized assets within thirty days of the seizure). Article 59.04(l) states: "Proceedings commenced under this chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with . . . ." TEX. CODE CRIM. PROC. ANN. § 59.04(l).

The State argues it caused certified copies of the notice to be served on the only owner and interest holder in the currency when it perfected service on Garcia. In support of this argument, the State points to the seizing officers' affidavit attesting that Soza disclaimed any possessory

interest in the currency.[1]  Garcia responds by pointing to an affidavit Soza filed with the court after the summary judgment hearing and the order granting severance in which she attests that she did not make any representations to the State that she did not care about the seized currency.  However, this affidavit does not contend that Soza had any possessory interest in the currency, and the affidavit was not before the trial court at the summary judgment hearing.  *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) (an appellate court may only review issues that were raised before the trial court on summary judgment).  Therefore, we hold the trial court did not err in proceeding with the hearing because, based on the seizing officers' affidavit, the trial court was satisfied that all owners and possessory interest holders had been timely served with process within the thirty-day time frame.  Garcia's first issue is overruled.

### DATE OF SEIZURE

In his third issue, Garcia contends the State lacked subject matter jurisdiction based on the date of seizure alleged in the notice of seizure and intended forfeiture.  However, the seizing officers' affidavit attached to the original notice of seizure and intended forfeiture attested that the seizure occurred on November 3, 2017, and Garcia concedes in his brief that the seizure occured on November 3, 2017.  Therefore, we must determine whether the mistaken date in the original notice of seizure and intended forfeiture was a pleading defect that divested the trial court of subject matter jurisdiction.

Article 59.04 of the Texas Code of Criminal Procedure provides guidance in how the State initiates a forfeiture proceeding.  TEX. CODE CRIM. PROC. ANN. § 59.04.  Specifically, the article lays out the required information and allegations the State's original notice of seizure and forfeiture must include to "commence" a forfeiture proceeding.  *Id.*  "Proceedings commenced under this

---

[1] The seizing officers' affidavit states: "SOZA said she did not know the currency was there, and does not belong to her."

chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with . . . ." *Id.* § 59.04(l). However, not all procedural violations should result in dismissal of a forfeiture action. *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d 691, 694 (Tex. 2004); *see also State v. $435,000*, 842 S.W.2d 642, 644 (Tex. 1992) (holding the trial court's failure to timely hold forfeiture hearing did not warrant dismissal of the case); *$4,030 v. State*, No. 07-12-00414-CV, 2014 WL 4078658, at *3 (Tex. App.—Amarillo Aug. 18, 2014) (concluding the trial court did not err when the notice stated it was filed by the seizing officer rather than the district attorney); *State v. Park*, 820 S.W.2d 948, 951 (Tex. App.—Texarkana 1991, no writ) (holding the State's failure to attach the police officer's statement to the notice of seizure, as required by statute, was curable by amendment and did not require dismissal of the case). In a forfeiture hearing, all parties must comply with the rules of pleadings as required in civil suits. Tex. Code Crim. Proc. Ann. § 59.05(a). Therefore, every defect in pleading, whether it be in form or substance, is waived unless it is brought to the attention of the trial court by special exception. Tex. R. Civ. P. 90.

Here, Garcia claims the discrepancy between the date alleged in the notice of seizure and intended forfeiture and the date in the seizing officers' affidavit divests the trial court of subject matter jurisdiction. We disagree for several reasons. First, article 59.04 does not require the notice of seizure and intended forfeiture to include the date of seizure, but only requires the suit be commenced no later than the thirtieth day after seizure. Because the date of seizure was November 3, 2017, and the forfeiture suit was commenced on November 21, 2017, the State met the thirty-day requirement. In addition, even if the pleading defect was a procedural violation under Article 59.04, the mistaken date on the notice of seizure and intended forfeiture could have been cured by amendment if it was brought to the court's attention by special exception. Accordingly, just as the failure to attach a seizing officers' affidavit does not warrant dismissal, a

discrepancy in the date between the affidavit and notice of seizure does not warrant dismissal. *See Park*, 820 S.W.2d at 951. Finally, because Garcia failed to give the State an opportunity to cure the defect by filing a special exception, he has waived error. TEX. R. CIV. P. 90. We overrule Garcia's third issue.

### SUMMARY JUDGMENT BASED ON DEEMED ADMISSIONS

In his second issue, Garcia argues the trial court erred in granting summary judgment based on his deemed admissions. The State sent a request for admissions to Garcia on December 21, 2017. Because Garcia did not timely respond to that request, the request was deemed admitted. Garcia filed a motion to withdraw the admissions, while the State moved for summary judgment based on the deemed admissions. We must decide whether the trial court abused its discretion in denying the withdrawal of the deemed admissions when they had a merits-preclusive effect on the case.

*Standard of Review*

We review a trial court's decision to permit or deny withdrawal of deemed admissions for an abuse of discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). "An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably." *Id.*

*Applicable Law*

When a party requests admissions, "[t]he responding party must serve a written response on the requesting party within 30 days after service of the request" and failure to do so will result in the request being deemed admitted. TEX. R. CIV. P. 198.2. The trial court may permit the responding party to withdraw the deemed admissions if: "(a) the party shows good cause for the withdrawal or amendment; (b) the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced[;] and [(c)] the presentation of the merits of the

action will be subserved by permitting the party to amend or withdraw the admission." TEX. R. CIV. P. 198.3. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). "Good cause also exists when due process concerns are implicated by deemed admissions that act as a merits-preclusive discovery sanction [in the absence of] bad faith or callous disregard on the part of the party requesting withdrawal." *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet denied) (citing *Maino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) (per curiam)). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 442.

Although the trial court has discretion in deciding whether to allow a party to withdraw deemed admissions, due-process concerns arise when deemed admissions are used to preclude presentation of the merits of the case. *Time Warner, Inc.*, 441 S.W.3d at 665 (citing *Wheeler*, 157 S.W.3d at 443). When deemed admissions act as a merits-preclusive sanction, good cause will exist to withdraw the deemed admissions unless the trial court finds the failure to timely respond was the result of bad faith or callous disregard on the part of the party requesting withdrawal. *Id.* Thus, the movant is "required [to make] a showing of 'flagrant bad faith or callous disregard for the rules' to substantiate a summary judgment based solely on deemed admissions." *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (quoting *Wheeler*, 157 S.W.3d at 443) (holding due process bars merits-preclusive sanctions unless there is a showing of bad faith or callous disregard for the rules of civil procedure). "Requests for admission are intended to simplify trials by 'addressing uncontroverted matters or evidentiary ones like the authenticity of documents." *Time Warner, Inc.*, 441 S.W.3d at 665 (quoting *Wheeler*, 157 S.W.3d at 443). "They are not intended to require a defendant to admit the validity of a plaintiff's claims or concede his

defenses." *Time Warner, Inc.*, 441 S.W.3d at 665 (quoting *Marino*, 355 S.W.3d at 632). "The discovery rules were not designed as traps for the unwary, nor should we construe them to prevent a litigant from presenting the truth." *Stelly*, 927 S.W.2d at 622. "Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden." *Marino*, 355 S.W.3d at 634.

*Application*

The State relied on Garcia's deemed admissions to prove the elements of its claim: (1) the seizing officers had probable cause that the seized assets were contraband; and (2) the seized property is, in fact, contraband. *$132,265.00 in U.S. Currency v. State*, 409 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The State did not use the admissions to address uncontroverted matters or to authenticate documents, but instead used them as evidence that Garcia admitted the validity of the State's claim and conceded his defense as an innocent owner. Therefore, the showing of bad faith or callous disregard became an element of the State's summary judgment burden. *Marino*, 355 S.W.3d at 634.

At the hearing on the motion for summary judgment, Garcia's attorney argued he did not timely respond to the admissions because he was unable to get in contact with Garcia because Garcia was out of town for work and there was a scheduling mistake with regards to his work schedule. In response to this excuse, the State did not make any showing of bad faith or callous disregard. Because the record contains *no* evidence of flagrant bad faith or callous disregard for the rules, good cause exists for withdrawal. Also, there is nothing in the record to suggest the State is unable to prepare for trial without the admissions and no evidence that their withdrawal will cause the State undue prejudice. In its brief, the State contends it will be unduly prejudiced if the

admissions are withdrawn but it fails to explain *how* it would be prejudiced. Requiring the State to prove the elements of its claim, rather than allowing it to rely on deemed admissions, does not prejudice the State; it simply requires the State to meet its burden of proof. Lastly, the "[p]resentation of the merits is not served when 'the case is decided on deemed (but perhaps untrue) facts . . . .'" *Time Warner, Inc.*, 441 S.W.3d 661, 669 (quoting *Wheeler*, 157 S.W.3d at 443 n.2). Because the State failed to prove the essential element of bad faith or callous disregard at the summary judgment hearing, the trial court erred in denying Garcia's motion to withdraw and in granting the State's motion for summary judgment based on the deemed admissions. Garcia's second issue is sustained.

## CONCLUSION

The trial court's judgment is reversed and the cause is remanded to the trial court for a new trial.

Rebeca C. Martinez, Justice