

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00391-CV

**TEXAS SMAC, LLC**,
Appellant

v.

**EMJ CORPORATION**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2017CVK001067D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: May 1, 2019

AFFIRMED

This is an appeal of a summary judgment based on deemed admissions. Appellant, Texas SMAC, LLC ("SMAC"), contends the trial court erred in denying its motion to strike the deemed admissions and in granting summary judgment. We affirm the trial court's judgment.

### BACKGROUND

On January 22, 2016, Appellee, EMJ Corporation ("EMJ"), as general contractor, and SMAC, as subcontractor, entered into a contract under which SMAC agreed to provide certain

mechanical work for a construction project located in Laredo, Texas. SMAC subsequently defaulted on its obligations and failed to cure its default after receiving notice of default from EMJ.

On June 1, 2017, EMJ filed suit against SMAC, and SMAC answered the lawsuit on July 12, 2017. On November 2, 2017, EMJ served discovery requests on SMAC, including requests for admissions. SMAC's responses were due on December 4, 2017; however, SMAC failed to respond by the deadline.

After SMAC failed to timely respond to EMJ's discovery requests, EMJ's attorney placed several phone calls to counsel for SMAC inquiring as to the status of the discovery responses. In addition, on January 10 and January 16, 2018, EMJ notified other attorneys and personnel in SMAC's counsel's office via email that SMAC had failed to respond to the discovery requests. SMAC's counsel never responded to EMJ's attorney.

On April 5, 2018, EMJ filed a motion for summary judgment based on the deemed admissions. On April 23, 2018, the trial court sent SMAC a notice, setting EMJ's motion for hearing on May 17, 2018.

On May 8, 2018, SMAC did not appear for a pretrial hearing. Trial was set for June 25, 2018. On May 9, 2018, SMAC filed a motion to strike deemed admissions and motion for continuance. SMAC attached the affidavit of SMAC's counsel in support of its motion to strike. SMAC argued its failure to timely respond to the discovery requests was not intentional and constituted good cause to strike the deemed admissions. According to SMAC's counsel, the December 4, 2017 deadline was missed because he was busy preparing for a trial set November 27, 2017. He only became aware that the responses were overdue while reading the motion for summary judgment and drafting a response to it. The affidavit did not include any reference to a case number, nor any reference to the nearly six months that had lapsed since SMAC's responses were due. SMAC argued EMJ would not be prejudiced if the trial court granted a continuance

after it struck the admissions, but did not explain how the merits of the case would be served by striking the admissions.

The trial court held a hearing on both SMAC's motion to strike and EMJ's motion for summary judgment on May 17, 2018. EMJ informed the trial court that SMAC's responses to the requests for admissions were not attached to SMAC's motion to strike. SMAC responded that only the first page of the responses was attached to its motion due to a clerical error.

The trial court denied the motion to strike and granted the summary judgment in favor of EMJ, finding SMAC failed to show good cause. The trial court submitted in its finding of facts and conclusions of law that SMAC showed conscious indifference, noting the numerous opportunities SMAC was given to respond and failed to do so. The trial court also found EMJ would be unduly prejudiced by the striking of the deemed admissions. In its judgment, the trial court awarded EMJ $947,620.82 in damages plus attorney's fees. SMAC appeals.

## STANDARD OF REVIEW

We review a trial court's decision to permit or deny withdrawal of deemed admissions under an abuse of discretion standard. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). "An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably." *Id*.

## DEEMED ADMISSIONS

SMAC contends the trial court abused its discretion in denying its motion to strike the deemed admissions, which were the basis for EMJ's motions for summary judgment. Unanswered requests for admission are automatically deemed admitted thirty days after a party fails to return answers. TEX. R. CIV. P. 198.2(c); *Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998) (per curiam). Any matter admitted is conclusively established unless the trial court, on motion of the party, permits the withdrawal or amendment of the admission. TEX. R. CIV. P. 198.3.

Rule 198.3 of the Texas Rules of Civil Procedure provides the "guiding rules or principles" the trial court must follow when ruling on a request to withdraw deemed admissions. *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied). In order for a party to withdraw or amend deemed admissions the party must show (1) good cause for the withdrawal or amendment; (2) that the other party "relying upon the responses and deemed admissions will not be unduly prejudiced" and; (3) "that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission." Tex. R. Civ. P. 198.3. Additionally, when due process concerns are raised by deemed admissions that act as a merits-preclusive sanction, the trial court must follow the guiding rules and principles established by *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam). *Time Warner, Inc.*, 441 S.W.3d. at 665.

## DISCUSSION

A party establishes "good cause" by showing its failure to timely respond to the requests for admissions was an accident or the result of a mistake, rather than being intentional or the result of conscious indifference. *Wheeler*, 157 S.W.3d at 442. Even a "slight excuse" for the failure will suffice, especially when delay or prejudice to the opposing party will not result. *Time Warner, Inc.*, 441 S.W.3d. at 665.

"Requests for admission are intended to simplify trials by 'addressing uncontroverted matters,'" such as the authenticity or admissibility of documents. *Wheeler*, 157 S.W.3d at 443. Admissions are not intended to require a party to admit the validity of the opposing party's claims or concede his defenses, nor are they "traps for the unwary." *Wheeler*, 157 S.W.3d at 443; *see also Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam) ("[R]equests for admission should be used as 'a tool, not a trapdoor.'" (quoting *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008))). As a result, "[g]ood cause also exists when due process concerns are

implicated by deemed admissions that act as a merits-preclusive discovery sanction, absent bad faith or callous disregard on the part of the party requesting withdrawal." *Time Warner, Inc.*, 441 S.W.3d. at 665. (citing *Marino*, 355 S.W.3d at 634). Because the deemed admissions in this case were merits-preclusive, the burden to prove SMAC acted in bad faith or with callous disregard rests on EMJ as the party opposing withdrawal. *Time Warner, Inc.*, 441 S.W.3d at 666.

"Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *Time Warner, Inc.*, 441 S.W.3d at 666. "[A] lack of care, simple bad judgment, or a mistaken belief that no discovery had been served does not rise to the level of bad faith or callous disregard for the rules." *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (noting the discovery responses were sent to opposing counsel only two days after the deadline). "Rather, a determination of bad faith or callous disregard for the rules has been reserved for cases in which the evidence shows that a party is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules." *Id*. (holding there was no bad faith or callous disregard when "[t]he record contain[ed] evidence that [the answering attorney] failed to timely respond to the requests for admissions because his . . . legal assistant quit and her replacement, who was in training when [the requesting attorney] sent the discovery requests, did not calendar the discovery deadlines").

SMAC contends it did not act in bad faith because it (1) "appeared at the motion for summary judgment hearing"; (2) "filed a motion to strike deemed admissions prior to the hearing and a response to Appellee's motion for summary judgment" and; (3) "promptly filed a motion to reconsider" accompanied by "responses on [EMJ]'s interrogatories, requests for production, and request for disclosure." SMAC argues that any mistakes made did not rise to the level of flagrant bad faith or callous disregard. We disagree.

The record supports the trial court's findings that SMAC's conduct in this case illustrates a pattern of indifference in addressing the deemed admissions. *Gordon v. Brunig*, No. 2-09-040-CV, 2010 WL 1999313, at *4 (Tex. App.—Fort Worth May 20, 2010, pet. denied) ("the trial court could have reasonably concluded that counsel made the conscious decision to work on the motion for rehearing [in another case] and to travel [on vacation] instead of timely serving the responses" by the deadline). In its findings of facts and conclusions of law, the trial court refers to SMAC's failure to respond, attend the pretrial conference, or otherwise actively participate in litigation of the case in any manner. Moreover, the record establishes SMAC received numerous notices from EMJ stating that its responses were overdue. EMJ presented this evidence to the trial court at the hearing to strike the deemed admissions to show that SMAC had callous disregard for the deadlines. SMAC did not present any evidence, such as a clerical or calendaring error, to dispute this claim other than stating its counsel was busy preparing for another trial. The record shows a repeated failure to communicate with opposing counsel and evidence that SMAC deliberately refused to participate in discovery. Unfortunately, SMAC was not simply a few days late in responding to discovery requests; rather, SMAC did not respond until the day after SMAC missed a pre-trial hearing and over seven months after being served with discovery requests. *See Soto v. Gen. Foam & Plastics Corp.*, 458 S.W.3d 78, 84–85 (Tex. App.—El Paso 2014, no pet.) (holding flagrant bad faith and callous disregard was established where a defendant refused to cooperate and would not produce requested discovery); *Cleveland v. Taylor*, 397 S.W.3d 683, 688–89, 696 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (holding a trial court did not err in denying withdrawal of deemed admissions where parties "failed to respond to numerous discovery requests."). "At some point . . . neglect crosses the line from an honest mistake into callous disregard[.]" *In re TT-Fountains of Tomball, Ltd.*, 01-15-00817-CV, 2016 WL 3965117, at *10 (Tex. App.—Houston [1st Dist.] July 21, 2016, no pet.) ("[T]he length of time that a response is

tardy may factor into whether a party acts with the requisite state of mind sufficient to deny his motion to withdraw . . . .").  These allegations were undisputed and memorialized in the trial court's finding of facts and conclusions of law.  When we review a trial court for an abuse of discretion, we must afford "great deference to the trial court."  *Goode v. Shoukfeh*, 943 S.W.2d 441, 454 (Tex. 1997) (Gonzalez, J., concurring).  We hold the trial court did not act arbitrarily when it relied on undisputed evidence of SMAC's conscious indifference to respond to the request for admissions.  *See Goode*, 943 S.W.2d at 454 (Gonzalez, J., concurring) ("[F]or the trial court to abuse its discretion, there must have been only one reasonable decision, and the trial court must have gone against this decision.").  Accordingly, we hold the trial court did not abuse its discretion in denying SMAC's motion to strike the deemed admissions.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice