**Opinion issued May 18, 2017**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-16-00155-CV

———————————

**MARTA RAMIREZ, AS PERSONAL REPRESENTATIVE AND HEIR OF RONALD MONROY, DECEASED, Appellant**

**V.**

**NOBLE ENERGY, INC., Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-43210A**

---

## O P I N I O N

In this personal injury case, Ronald Monroy sued Noble Energy, Inc. for negligence after he allegedly sustained injuries while unloading a truck on Noble's property. After Monroy failed to timely respond to Noble's requests for admissions,

Noble moved for summary judgment. While the case was pending in the trial court, Monroy died, and his wife and the personal representative of his estate, Marta Ramirez, took over prosecution of his suit. The trial court granted Noble's summary judgment motion. On appeal, Ramirez contends that the trial court (1) abused its discretion by overruling Monroy's motion to withdraw deemed admissions, and (2) erroneously rendered summary judgment in favor of Noble based on the deemed admissions.

We reverse and remand.

## Background

Monroy worked as a long-distance truck driver for J&R Express, LLC.[1] He alleged that on April 1, 2014, J & R Express instructed him to deliver a load to Noble at its facility in Louisiana. Monroy alleged that the area was poorly lit and Noble's employees did not assist him in unloading the cargo from his truck. He further alleged that, in the process of unloading the truck, a steel plate hit his right knee and right leg. On July 26, 2015, Monroy sued both J&R Express and Noble, alleging, among other things, that the defendants were negligent by failing to provide him a safe place to work.

---

[1]    Monroy sued both J&R Express and Noble, but only Noble moved for summary judgment. After the trial court rendered summary judgment in Noble's favor, the court severed Monroy's claims against Noble, creating a final judgment. J&R Express is not a party to this appeal.

Noble answered Monroy's suit and served discovery requests—including eleven requests for admissions—on Monroy on September 3, 2015. Monroy's responses to the requests for admissions and other written discovery were due on October 5, 2015.

Monroy did not timely respond to Noble's discovery requests. Noble thus filed a motion to compel discovery responses on October 15, 2015. On October 26, 2015, the trial court signed an order requiring Monroy to fully and completely respond to Noble's discovery requests within ten days, or by November 5, 2015.

Monroy responded to Noble's discovery requests on November 6, 2015, one day after the trial court's ten-day deadline had passed. On November 17, 2015, Noble moved for traditional summary judgment, arguing that because Monroy did not timely respond to its requests for admissions, the matters within the requests were deemed admitted. The deemed admissions included admissions that "Noble is not a proper party to this lawsuit" and that "[t]he truck which [Monroy] was driving was not Noble's property." Noble argued that these admissions demonstrated that Noble was not a proper party to Monroy's suit and that Noble had no responsibility for or involvement in Monroy's alleged injuries. Noble argued that the admissions conclusively established that it "did not own the truck out of which the steel plate is alleged to have fallen and injured" Monroy and that the "driver of a truck is generally responsible for cargo loading and securement," citing a provision in the Code of

3

Federal Regulations for support. Noble contended, based on the deemed admissions, that Monroy had no claim against it and that it was entitled to summary judgment.

Noble attached as summary judgment evidence the answers that it received to its requests for admission from Monroy on November 6, 2015. In his answers to the requests for admissions, Monroy denied that Noble was not a proper defendant to the suit. Monroy admitted that he drove the truck while employed by J&R Express, that the truck was not Noble's property, and that the steel plate that struck him was on the truck. Noble did not attach any other evidence to its summary judgment motion.

Noble also moved for sanctions on the same day that it moved for summary judgment. In this motion, Noble argued that Monroy's responses to its discovery requests and his document production were inadequate. Noble asked the trial court "to sanction [Monroy] monetarily and to dismiss this lawsuit as against Noble, with prejudice to refiling, if [Monroy] fails to respond fully and completely to Noble's discovery requests within ten (10) days of the Court's Order."

On December 8, 2015, Monroy responded to Noble's motion for sanctions. Monroy argued that Noble had not demonstrated any harm or prejudice from his allegedly inadequate discovery responses. Monroy also stated that his counsel had repeatedly advised Noble that her secretary had left her firm in July 2015, shortly after Monroy filed suit, and that the discovery responses had been overlooked due

4

to the change in personnel. Monroy thus argued that Noble could not demonstrate that his failure to respond was intentional or due to conscious disregard of his discovery obligations. Monroy attached email correspondence between his counsel and Noble's counsel in which his counsel stated that her new assistant, who had been in training for two months, had quit and she was "uncovering past due discovery that wasn't calendared." She stated, "I will need about 2-3 weeks to send discovery responses." The correspondence also included an email from Monroy's counsel's legal assistant, dated October 23, 2015, stating that she had a meeting with Monroy scheduled for October 27, 2015, "to answer discovery."

On December 30, 2015, Monroy filed a motion to withdraw the deemed admissions. Monroy stated:

> The reason Plaintiff's counsel failed to respond was due to a mistake and not the result of conscious indifference. Plaintiff['s] counsel's long-time assistant left the firm and the new assistant hired was in training when plaintiff received discovery requests. The assistant did not calendar discovery deadlines, including discovery in this action.

Monroy also noted that the trial court had set the discovery deadline for September 12, 2016, and the trial setting for November 14, 2016, and, as a result, Noble would not be prejudiced by the withdrawal of deemed admissions because the withdrawal would not "delay trial or hamper [Noble's] ability to prepare for trial."

That same day, Monroy moved for an extension of time to respond to Noble's summary judgment motion, asking that the trial court grant additional time and rule

5

first on his motion to withdraw deemed admissions. Monroy requested "a continuance for additional time to secure the court's ruling" on the motion to withdraw deemed admissions and also to conduct additional discovery concerning his claims. He argued that Noble's sole basis for summary judgment was the deemed admissions and that Noble "should not be allowed to exit this case before J&R Express answers and additional discovery can be conducted."

The trial court did not rule on Monroy's request for an extension of time. Monroy did not file a response to Noble's summary judgment motion.

On January 8, 2016, the trial court granted Noble's summary judgment motion and dismissed Monroy's claims against Noble with prejudice. The trial court denied Noble's motion for sanctions and denied Monroy's motion to withdraw deemed admissions.

On February 19, 2016, after the trial court had severed Monroy's claims against Noble from his claims against J & R Express, Ramirez filed a suggestion of death, stating that Monroy had died on December 15, 2015. Ramirez, acting as Monroy's personal representative, then filed a notice of appeal.

**Withdrawal of Deemed Admissions**

In her second issue, Ramirez contends that the trial court abused its discretion by denying Monroy's motion to withdraw deemed admissions.

6

## A. Standard of Review and Governing Law

A party may serve on another party written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion, statements of fact, and statements of the application of law to fact. TEX. R. CIV. P. 198.1. The responding party must serve a written response within thirty days after service of the request. TEX. R. CIV. P. 198.2(a). If the responding party does not timely serve his responses, "the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c).

A matter admitted under Rule 198 "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3. The trial court may permit withdrawal of an admission if (1) the party shows good cause for the withdrawal, and (2) the court finds that the party relying on the deemed admission will not be unduly prejudiced and that the presentation of the merits of the case will be served by permitting withdrawal. *Id.*

A party establishes "good cause" by showing that the failure to timely respond to the requests for admissions was an accident or mistake, not intentional or the result of conscious indifference. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). Even a "slight excuse" for the failure to timely respond will suffice, especially when delay or prejudice to the opposing party will not result from the

7

withdrawal. *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 665 (Tex. App.—San Antonio 2014, pet. denied). Courts have held that a showing of a clerical error is sufficient to establish good cause, even if the party is negligent, as long as the party's negligence does not rise to the level of conscious indifference. *Boulet v. State*, 189 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Undue prejudice depends on whether withdrawing an admission . . . will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443. Generally, the party seeking withdrawal of the deemed admissions has the burden to establish good cause. *Cleveland v. Taylor*, 397 S.W.3d 683, 694 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Boulet*, 189 S.W.3d at 836).

Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Wheeler*, 157 S.W.3d at 443; *Cleveland*, 397 S.W.3d at 694 (stating that we review trial court's ruling on motion to withdraw deemed admissions for abuse of discretion). Requests for admissions are intended to simplify trials and are useful when addressing uncontroverted matters; they are not intended to be used to force a party to admit the validity of his claims or concede his defenses. *See Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam); *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (noting that

8

requests for admissions were not intended "to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense").

When admissions are deemed as a discovery sanction to preclude presentation of the merits of the case, the deemed admissions "implicate the same due process concerns as other case-ending discovery sanctions." *Marino*, 355 S.W.3d at 632; *Wheeler*, 157 S.W.3d at 443 ("But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise."). Thus, to substantiate a summary judgment based solely on merits-preclusive deemed admissions, the party relying upon the deemed admissions must demonstrate "flagrant bad faith or callous disregard for the rules." *Marino*, 355 S.W.3d at 633; *Wheeler*, 157 S.W.3d at 443; *see also TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) ("Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules.").

The Texas Supreme Court has held that "[c]onstitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults." *Marino*, 355 S.W.3d at 634. "Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely

incorporates the requirement as an element of the movant's summary judgment burden." *Id.*; *Medina v. Raven*, 492 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("This showing of flagrant bad faith or callous disregard is 'an element of the movant's summary judgment burden.'") (quoting *Yacoub v. SureTec Ins. Co.*, No. 14-13-00274-CV, 2015 WL 1928618, at *3 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, no pet.) (mem. op.)). "Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *Time Warner*, 441 S.W.3d at 666 (quoting *Armstrong v. Collin Cty. Bail Bond Bd.*, 233 S.W.3d 57, 63 (Tex. App.—Dallas 2007, no pet.)).

## B. Analysis

Noble propounded eleven requests for admissions to Monroy, including requests that he admit that Noble was not a proper defendant to the lawsuit, that the truck he drove was not Noble's property, and that the steel plate that allegedly struck and injured him was on the truck that he drove. It is undisputed that Monroy did not timely respond to these requests for admissions and that these matters were therefore deemed admitted.

The trial court granted Noble's motion to compel discovery responses and ordered Monroy to respond within ten days, or by November 5, 2015. Monroy responded on November 6, 2015, and answered Noble's requests for admissions.

10

Monroy denied eight of the matters and admitted three others, including admissions that the truck was not Noble's property and that the steel plate was on the truck.

Noble moved for traditional summary judgment on November 17, 2015, eleven days after it received Monroy's discovery responses. It relied entirely on the deemed admissions in arguing that summary judgment in its favor was proper. Specifically, Noble argued:

> [T]hese deemed admissions show that Noble is not a proper party to this lawsuit, and further that Noble has no responsibility for nor any involvement in the injuries that the Plaintiff allegedly suffered. Further, Plaintiff's admissions conclusively establish that Noble did not own the truck out of which the steel plate is alleged to have fallen and injured Plaintiff. The driver of a truck is generally responsible for cargo loading and securement. See 49 CFR 392.9. This evidence conclusively establishes that fact against Plaintiff. Under these circumstances, Plaintiff has no claim against Noble and Noble is entitled to the Court's summary judgment, dismissing Plaintiff's claims against Noble.

Noble attached Monroy's actual responses to the requests for admissions as summary judgment evidence, but it did not reference these responses in its summary judgment motion or make any argument for how these responses demonstrated that it was entitled to judgment as a matter of law on Monroy's claims. Noble did not attach any other summary judgment evidence.

### 1.    *Merits-Preclusive Effect of Deemed Admissions*

We first address whether the deemed admissions at issue in this case were "merits preclusive."

11

"[W]hether an admission is one which precludes litigation of a claim or defense or merely seeks admission of an uncontroverted matter may not always be apparent until the admission is evaluated in the context of the other evidence." *In re Sewell*, 472 S.W.3d 449, 460 (Tex. App.—Texarkana 2015, orig. proceeding). It is not enough to demonstrate that admissions do not conclusively establish the ultimate issue in the case to escape withdrawal of the deemed admissions. *Id.* at 461. Instead, "the record must affirmatively show that the requests are not merit-preclusive, either by showing that they seek to authenticate or prove the admissibility of documents or by showing that they involve uncontroverted facts." *Id.* Because merits-preclusive admissions implicate due process concerns, we must presume that the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive. *Id.*

Noble contends that the deemed admissions are "factual in nature and not merit-preclusive," noting that it did not ask Monroy to admit that he had no cause of action against it. Noble did, however, ask Monroy to admit that it was not a proper defendant to the lawsuit, and this was the deemed admission that Noble principally relied upon in its summary judgment motion as evidence that Monroy had no cause of action against Noble. This request thus essentially asked Monroy to admit the validity of his claim against Noble, which is not a proper use for requests for admissions. *See Marino*, 355 S.W.3d at 632 ("King's requests here, however, asked

12

essentially that Marino admit to the validity of his claims and concede her defenses—matters King knew to be in dispute. Requests for admission were never intended for this purpose."); *Time Warner*, 441 S.W.3d at 668 ("[R]equests for admission are improper and ineffective when used to establish controverted issues that constitute the fundamental legal issues in a case."); *Boulet*, 189 S.W.3d at 838 ("[R]esponses to requests for admissions merely constituting admissions of law are not binding on the court and a party is not precluded from proving a fact necessary to its cause or defense.").

Additionally, Noble relied upon the deemed admissions that Noble did not own the truck that Monroy had been driving and that the steel plate that allegedly injured Monroy was on the truck as further evidence that Monroy had "no claim against Noble" and that Noble was entitled to summary judgment. Noble argues that these requests merely sought information that was "factual in nature," but it relied upon this evidence, and no other, to argue that it "ha[d] no responsibility for" Monroy's injuries and that it was entitled to judgment as a matter of law. *See Time Warner*, 441 S.W.3d at 666 (holding that requests for admissions had merits-preclusive effect when it was "clear that the trial court's decision to render judgment in favor of Gonzalez was based solely on the deemed admissions conclusively establishing the ultimate legal issues in the case"); *see also In re Sewell*, 472 S.W.3d at 460 (stating that whether admission precludes litigation of claim or defense or

13

seeks admission of uncontroverted matter "may not always be apparent until the admission is evaluated in the context of the other evidence").

Monroy ultimately responded to Noble's requests for admissions, Noble received these responses before it moved for summary judgment, and Noble attached Monroy's responses as summary judgment evidence. Monroy admitted the matters in three of the requests: that he drove the truck to the location where he was injured while employed by J&R Express; that the truck was not the property of Noble; and that the steel plate that he claimed struck him was on the truck. The record thus affirmatively reflects that these three requests involved uncontroverted facts, and therefore these admissions were not merits-preclusive. *See In re Sewell*, 472 S.W.3d at 461. The record does not, however, affirmatively reflect that the other eight requests seek to authenticate or prove the admissibility of documents or involve uncontroverted facts and thus are not merits-preclusive, and, indeed, the evidence is to the contrary. *See id.*

We therefore agree with Ramirez that the deemed admissions had a merits-preclusive effect, implicating due process concerns. *See Marino*, 355 S.W.3d at 632; *Wheeler*, 157 S.W.3d at 443. We thus turn to whether Noble demonstrated that, in failing to timely respond to the requests for admissions, Monroy acted with flagrant bad faith or callous disregard.

14

## 2. *Flagrant Bad Faith or Callous Disregard*

As the party moving for summary judgment based on merits-preclusive deemed admissions, Noble bore the burden of demonstrating that in failing to timely respond to the requests for admissions Monroy acted with flagrant bad faith or callous disregard for the rules. *See Marino*, 355 S.W.3d at 634; *Medina*, 492 S.W.3d at 62.

It is undisputed that Noble served its requests for admissions on Monroy on September 3, 2015, and that his responses were due October 5, 2015. It is undisputed that Monroy did not respond by this date, and that Noble moved to compel discovery responses on October 15, 2015. It is further undisputed that on October 26, 2015, the trial court ordered Monroy to respond within ten days, or by November 5, 2015. Monroy did not respond until November 6, 2015, one day late.

In response to Noble's motion for sanctions, Monroy attached the discovery responses that he served upon Noble on November 6. He also attached email correspondence between his counsel and Noble's counsel, beginning on October 15, 2015, when Noble filed its motion to compel discovery responses and informed Monroy's counsel of this filing. His counsel responded to Noble's counsel, stating that her "new assistant in training for two months quit and I'm uncovering past due discovery that wasn't calendared." She estimated that she would "need about 2-3 weeks to send discovery responses." In an email dated October 23, 2015, Monroy's

15

counsel's legal assistant stated that she had a meeting scheduled with Monroy for October 27, 2015, "to answer discovery." Monroy stated this same reason for his failure to timely respond in his motion to withdraw deemed admissions:

> Defendant served Plaintiff with written discovery and Plaintiff did not respond timely. Noble Energy rejected Plaintiff's request for an extension of time, and instead filed a Motion to Compel Discovery. Plaintiff filed a response. The reason Plaintiff's counsel failed to respond was due to a mistake and not the result of conscious indifference. Plaintiff counsel's long-time assistant left the firm and the new assistant hired was in training when Plaintiff received discovery requests. The assistant did not calendar discovery deadlines, including discovery in this action.

A panel of this Court recently noted that "a lack of care, simple bad judgment, or a mistaken belief that no discovery had been served does not rise to the level of bad faith or callous disregard for the rules." *In re TT-Fountains of Tomball, Ltd.*, No. 01-15-00817-CV, 2016 WL 3965117, at *11 (Tex. App.—Houston [1st Dist.] July 21, 2016, orig. proceeding) (mem. op.). This Court stated, "Rather, a determination of bad faith or callous disregard for the rules has been reserved for cases in which the evidence shows that a party is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules." *Id.* at *12.

Monroy's discovery responses were originally due on October 5, 2015. He eventually responded on November 6, 2015, thirty-two days late. The record contains evidence that Monroy failed to timely respond to the requests for

16

admissions because his counsel's legal assistant quit and her replacement, who was in training when Noble sent the discovery requests, did not calendar the discovery deadlines. *See Boulet*, 189 S.W.3d at 837 (noting that "a showing of clerical error has been held sufficient to establish good cause for a failure to timely respond to a request for admission . . . as long as the party's negligence does not rise to the level of conscious indifference"). The record also contains evidence that, after being put on notice that the responses were late, Monroy's counsel started working with him to obtain his answers to the requests. Monroy answered the discovery requests, albeit one day after the new response deadline set by the trial court. This is therefore not a situation in which Monroy or his counsel deliberately refused to participate in discovery. *Cf. Soto v. Gen. Foam & Plastics Corp.*, 458 S.W.3d 78, 84–85 (Tex. App.—El Paso 2014, no pet.) (holding that evidence in record demonstrated defendant's flagrant bad faith and callous disregard when defendant's counsel withdrew from representation because defendant refused to cooperate and would not produce requested discovery "even when faced with a sanctions hearing"); *see also Cleveland*, 397 S.W.3d at 688–89, 696 (noting, in holding that trial court did not err in denying withdrawal of deemed admissions, that parties "failed to respond to numerous discovery requests and orders compelling production").

Noble also argues that Monroy "has hindered the discovery process throughout this lawsuit" and that his failure to adequately respond to its discovery

17

requests "justifies a presumption of callous disregard for the rules." After receiving Monroy's discovery responses, Noble moved for sanctions against Monroy, arguing that Monroy's responses were inadequate and incomplete and requesting that the trial court order Monroy to fully and completely respond to the requests within ten days. However, as Noble acknowledges, the trial court denied its motion for sanctions, and the court did not order Monroy to submit further responses to Noble's discovery requests. We therefore do not agree that the alleged inadequacy of Monroy's discovery responses justifies a presumption of callous disregard for the discovery rules. *See* TEX. R. CIV. P. 193.1 ("When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney *at the time the response is made*.") (emphasis added); TEX. R. CIV. P. 193.5 (imposing duty on party to amend or supplement discovery responses if party learns that response to written discovery was incomplete or incorrect when made or, if complete and correct when made, is no longer complete and correct).

Noble further argues that Monroy failed to satisfy the evidentiary requirements of Rule 198.3 because his motion to withdraw deemed admissions did not include any evidence to support findings of good cause and no undue prejudice to Noble. Similarly, Noble argues that Monroy's counsel's verification for this motion was legally insufficient because it stated that the facts in the motion were

18

"true and correct to the best of [counsel's] knowledge," and thus improperly qualified her personal knowledge.

Ordinarily, the party seeking withdrawal of deemed admissions bears the burden of establishing the requirements of Rule 198.3: that good cause exists for the withdrawal, that the withdrawal will not unduly prejudice the party relying upon the deemed admissions, and that withdrawal will serve the presentation of the merits. TEX. R. CIV. P. 198.3; *Boulet*, 189 S.W.3d at 836 ("The party seeking withdrawal of deemed admissions has the burden to establish good cause."). However, when, as here, the party seeks withdrawal of merits-preclusive deemed admissions, due process requires the party *opposing* withdrawal to prove that the moving party's failure to timely answer the requests resulted from flagrant bad faith or callous disregard for the discovery rules. *Medina*, 492 S.W.3d at 62; *In re Sewell*, 472 S.W.3d at 456; *Time Warner*, 441 S.W.3d at 666. "This showing of flagrant bad faith or callous disregard is 'an element of the movant's summary judgment burden.'" *Medina*, 492 S.W.3d at 62; *see also Marino*, 355 S.W.3d at 634 (stating that using merits-preclusive deemed admissions as basis for summary judgment "incorporates the requirement [of showing flagrant bad faith or callous disregard] as an element of the movant's summary judgment burden").

We have already held that eight of the deemed admissions, including the primary admission relied upon by Noble in its summary judgment motion, were

19

merits-preclusive. Thus, Noble, not Monroy, had the burden to demonstrate that Monroy's failure to respond was the result of flagrant bad faith or callous disregard. *See Medina*, 492 S.W.3d at 62.

As we have stated, Noble has not presented evidence that, in failing to timely respond to discovery requests, Monroy acted with flagrant bad faith or callous disregard for the discovery rules. *See Marino*, 355 S.W.3d at 634; *Wheeler*, 157 S.W.3d at 443; *Medina*, 492 S.W.3d 62–64. Furthermore, Monroy moved for withdrawal of deemed admissions in December 2015. In his motion, he noted that the trial court had set the discovery deadline for September 12, 2016, and the trial setting for November 14, 2016, nine and eleven months, respectively, after the date Monroy moved for withdrawal. Noble presented no evidence that withdrawal of the deemed admissions would cause it undue prejudice or that withdrawal would not serve presentation of the merits. *See Medina*, 492 S.W.3d at 64. We therefore hold that the trial court erroneously denied Monroy's motion to withdraw deemed admissions.

We sustain Ramirez's second issue.

## C. Entitlement to Summary Judgment

In her first issue, Ramirez contends that the trial court erred in rendering summary judgment in favor of Noble based on deemed admissions.

20

To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A traditional summary judgment movant "must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010) ("A defendant who conclusively negates at least one of the essential elements of a cause of action . . . is entitled to summary judgment."). A traditional motion for summary judgment "must stand or fall on [its] own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right to judgment." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511–12 (Tex. 2014) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)).

Noble moved for traditional summary judgment on Monroy's negligence cause of action. It relied solely on Monroy's deemed admissions in arguing that it was entitled to judgment as a matter of law, and the only evidence that it attached was Monroy's actual responses to the requests for admissions. These responses

21

included Monroy's admissions that he drove the truck to Noble's facility while employed by J&R Express, that the truck was not Noble's property, and that the steel plate that allegedly struck Monroy was on the truck.

We have held that the trial court erred by denying Monroy's motion to withdraw the deemed admissions. To the extent that the trial court considered the deemed admissions in rendering summary judgment, we agree with Ramirez that this was improper. To the extent the trial court considered Monroy's actual admissions, Noble has not demonstrated that these three admissions conclusively negated an element of Monroy's negligence cause of action. *See Fernandez*, 315 S.W.3d at 508. We therefore hold that the trial court erred in rendering summary judgment in favor of Noble.

We sustain Ramirez's second issue.

## Conclusion

We reverse the judgment of the trial court and remand the case for further proceedings.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Huddle.