**Affirmed and Memorandum Opinion filed August 29, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00360-CV

**THE STATE OF TEXAS, Appellant**

**V.**

**APPROXIMATELY $110,540.00, Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2017-09348**

## MEMORANDUM OPINION

Police officers seized $110,540 from Oscar Almaraz. The State sought forfeiture of the money and relied solely on deemed admissions at trial. The trial court rendered a judgment for Almaraz. In a single issue, the State contends that the evidence is legally insufficient to support the trial court's judgment because the trial court erred by failing to consider the deemed admissions. We affirm.

# I.   BACKGROUND

Neither Almaraz nor his attorney attended trial. The State offered a single exhibit as evidence. The exhibit includes a letter purportedly sent to Almaraz's attorney and requests for admissions. The requests asked Almaraz to admit, among other things, that police officers stopped his vehicle, he did not have insurance or a driver's license, he had a Mexican identification card, he gave consent for a search, and officers discovered a bag in the back seat of the vehicle containing approximately $110,540 in United States currency.

The State asked Almaraz to admit several merit-preclusive issues, such as (1) the currency was contraband; (2) it was subject to forfeiture, (3) it was derived from the manufacture, sale, distribution, possession, purchase, or delivery of controlled substances; and (4) it was derived from theft or conversion of stolen property. The State also asked Almaraz to admit that he "now know[s] that on or about January 20, 2017, a narcotics canine gave a positive alert for the odor of narcotics on the APPROXIMATELY $110,540.00."

The trial court admitted the exhibit into evidence. The State argued to the trial court that Almaraz failed to respond to the requests, so the admissions were deemed. The court rendered a judgment for Almaraz, stating that the currency was not subject to forfeiture based on the evidence and pleadings on file.

The State filed a motion for new trial. After a hearing at which Almaraz's attorney testified, the trial court denied the motion. On the State's request, the trial court issued findings of fact and conclusions of law, finding among other things that:

- "There is no evidence Almaraz received the requests for admissions. There is no evidence that Almaraz acted in bad

2

faith in not answering the sixty-nine requests for admission or acted in flagrant bad faith or callous disregard for the rules."

- "The Court further concludes that the $110,540 seized property is not contraband and that there was no probable cause to seize Almaraz's property."

The State appeals.

## II.    ANALYSIS

In a single issue, the State contends that the evidence is legally insufficient to support the trial court's dispositive findings because the trial court failed to consider the deemed admissions.[1] The State challenges the trial court's findings, among others, that (1) there is no evidence that Almaraz received the requests; (2) there is no evidence that Almaraz acted in bad faith or callous disregard for the rules; (3) the money was not contraband; and (4) there was no probable cause to seize the money.

---

[1] Although the State includes a sentence in its brief to recite the standard of review for a factual-sufficiency analysis, the State does not provide a distinct factual-sufficiency analysis regarding any of the trial court's findings. The State contends that the deemed admissions and pleadings "conclusively establish" the money is forfeitable contraband. And, the State asks only for rendition of a judgment in its favor, not for a new trial. Accordingly, the State's issue presents solely a legal-sufficiency challenge, not a factual-sufficiency challenge. *See Lowry v. Tarbox*, 537 S.W.3d 599, 612 (Tex. App.—San Antonio 2017, pet. denied) (addressing the appellants' issue as a legal-sufficiency challenge because, although the issue referred to both legal and factual sufficiency, the appellants only argued in the brief that there was "no evidence" to support findings); *Grayson v. Anselmo*, No. 14-06-01073-CV, 2008 WL 660433, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2008, no pet.) (mem. op.) (addressing the appellant's issue as a factual-sufficiency challenge because, although the appellant cited the standards of review for both legal and factual sufficiency, the appellant asked only for a remand for a new trial and not rendition of a judgment); *City of Univ. Park v. Van Doren*, 65 S.W.3d 240, 246–47 (Tex. App.—Dallas 2001, pet. denied) (addressing the appellant's issue as a legal-sufficiency challenge because, although the point of error referred to the "great weight of the evidence," the appellant's argument asserted only legal insufficiency and the appellant requested rendition of a judgment rather than new trial); *see also La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 568 (Tex. 1984) (op. on reh'g) (factual-sufficiency argument waived in court of appeals due to inadequate briefing when the appellant mentioned standards for factual sufficiency in the point of error but argument was based only on legal-sufficiency standards).

We assume without deciding that the evidence is conclusive that Almaraz received the requests, but we overrule the State's challenges to the other findings. Those findings are dispositive for the sufficiency challenge.

## A. Standard of Review for Legal Sufficiency

A party challenging the legal sufficiency of an adverse finding on an issue for which the party had the burden of proof, as here, must demonstrate that the evidence establishes all vital facts in support of the issue as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). The challenge should be sustained only if (1) no evidence supports the trial court's finding and (2) the evidence conclusively establishes a finding contrary to the fact-finder's. *See id.*

Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). An appellate court cannot substitute its judgment for that of the fact finder if the evidence falls within a zone of reasonable disagreement. *Id.* at 822. We review the evidence in the light most favorable to the trial court's finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *See id.* at 807.

## B. Legal Principles for Forfeiture

"Contraband" is subject to seizure and forfeiture by the State. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). Contraband is property of any nature used in the commission of enumerated crimes, including any felony under the Texas Controlled Substances Act. *Id.*; *see* Tex. Code Crim. Proc. art. 59.01(2). Contraband includes proceeds gained from the commission of enumerated crimes, including a felony under the Texas Controlled Substances Act. *See* Tex. Code

4

Crim. Proc. art. 59.01(2)(C); *see also Approximately $31,421.00 v. State*, 485 S.W.3d 73, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Forfeiture proceedings are tried in the same manner as other civil cases. *$90,235*, 390 S.W.3d at 293. The State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. *Id.* The State also has the burden to show that probable cause existed for seizure of the property. *Id.* Probable cause, in the context of civil forfeiture, is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. *Id.* In assessing probable cause, the fact finder evaluates what the police officers believed and whether their beliefs were reasonable. *See id.* To prove probable cause as a matter of law, the State must conclusively establish that the officers had a reasonable belief that the property had or would have a substantial connection with illegal activity. *Cf. id.* (respondent failed to show entitlement to summary judgment as a matter of law because respondent failed to conclusively establish that officers did not have reasonable belief that property had or would have a substantial connection with illegal activity).

## C.    Legal Principles for Deemed Admissions

If a party serves a request for admissions, and the recipient fails to timely respond, then each request is deemed admitted by operation of law. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see* Tex. R. Civ. P. 198.2(c). An admission conclusively establishes the matter as to the party making the admission unless the court permits the party to withdraw or amend the admission. Tex. R. Civ. P. 198.3.

However, requests for admissions should be used as a tool, not a trapdoor. *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam). They are intended

to simplify trials, and they are useful for addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents. *Id.* Requests for admissions were never intended for the purpose of asking the defendant to admit the validity of the plaintiff's claims or to concede defenses that are in dispute. *Id.*

When deemed admissions preclude the presentation of a case on the merits, the admissions implicate the same due process concerns as other case-ending discovery sanctions. *Id.* Thus, the Supreme Court of Texas has held that to substantiate a judgment based solely on deemed admissions, the plaintiff must show the defendant's "flagrant bad faith or callous disregard for the rules." *Id.* at 633 (quoting *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005)). In the context of summary judgments, this requirement is an element of the movant's summary judgment burden. *Id.* at 634.

**D.     State's Failure to Conclusively Prove Almaraz's Flagrant Bad Faith or Callous Disregard for the Rules**

The deemed admissions relied upon by the State in this case were merit-preclusive; the State does not contend otherwise. But the State contends that it had no burden to show Almaraz's flagrant bad faith or callous disregard for the rules in this case because Almaraz did not file a motion to withdraw the deemed admissions. The case cited by the State, *In re Sewell*, 472 S.W.3d 449, 456 (Tex. App.—Texarkana 2015, orig. proceeding), does not support the State's position. Viewing the court of appeals' opinion in context, the court was distinguishing between merit-preclusive admissions and non-merit-preclusive admissions, not

whether the burden applies solely when a party has moved to withdraw deemed admissions. *See id.*[2]

The Supreme Court of Texas in *Marino* placed the burden on the party relying on the deemed admissions to obtain a judgment. 355 S.W.3d at 634. The requirement was an "element of the movant's summary judgment burden." *Id.* at 634. The supreme court in *Wheeler* relied on its prior precedent concerning discovery sanctions that resulted in a default judgment for one party. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917–18 (Tex. 1991), *cited in Wheeler*, 157 S.W.3d at 443.

Thus, we conclude that the burden likewise applies at trial when a party attempts to prove every element of its claim with merit-preclusive deemed admissions. *Cf. Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 666 (Tex. App.—San Antonio 2014, pet. denied) (burden placed on party opposing withdrawal of deemed admissions at trial because the burden of proving bad faith rests with the party seeking discovery sanctions); *see also Marino*, 355 S.W.3d at 632 ("And when admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions." (citing *TransAmerican*, 811 S.W.2d at 917–18)). Accordingly, for the State to rely on merit-preclusive deemed admissions, the State was required to prove Almaraz's bad faith or callous disregard for the rules.

The State contends that it met this burden because "the record demonstrates that the appellee, through his attorney, was mindful of his deadline to respond to

---

[2] The court wrote, "Nevertheless, this burden of proof applies only to motions to withdraw merit-preclusive requests for admissions. If a motion to withdraw deemed admissions concerns non-merit-preclusive admissions, then the moving party must prove all of the requirements of Rule 198.3, and the trial court has broad discretion to grant or deny withdrawal." *In re Sewell*, 472 S.W.3d at 456.

the State's request for admissions and consciously failed to comply with it," citing *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In support of this argument, the State notes that neither Almaraz nor his attorney attended the trial. But in a case such as this, when the defendant has answered and fails to attend trial, the plaintiff still must prove its claim. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). The fact that Almaraz did not attend trial constitutes neither an abandonment of his answer nor an implied confession of any issues. *Id.*

To the extent the State is relying on the attorney's testimony at the hearing on the motion for new trial,[3] we note that this testimony was not before the court when it rendered a judgment for Almaraz. Thus, in assessing the sufficiency of the evidence to support the trial court's finding of no bad faith or callous disregard for the rules, we do not consider the evidence presented at the hearing. *See In re W.M.*, No. 2-07-028-CV, 2007 WL 1879863, at *4 (Tex. App.—Fort Worth June 28, 2007, no pet.) ("[I]n evaluating the sufficiency of the evidence presented at trial, we do not consider new facts and testimony presented in the motion for new trial.").

At the trial, the State presented no evidence that Almaraz or his attorney were mindful of a discovery deadline but consciously or flagrantly disregarded it. *See Ramirez*, 521 S.W.3d at 860 (noting that a determination of bad faith or callous disregard is reserved for cases in which the party was mindful of pending deadlines and either consciously or flagrantly failed to comply; but a lack of care, simple bad judgment, or mistaken belief will not rise to the level of bad faith or callous

---

[3] The State does not specifically refer to the attorney's testimony in the section of its brief regarding the element of bad faith or callous disregard, but the State relies on this testimony elsewhere in its brief.

disregard). Thus, the State has not conclusively established that Almaraz acted with bad faith or callous disregard for the rules.

Even if the testimony from the hearing on the motion for new trial were considered, the result would be the same. Almaraz's attorney testified that his office received the requests for admissions. But, he was unable to answer the requests because Almaraz was deported, and the attorney lost contact with Almaraz. "This is therefore not a situation in which [Almaraz] or his counsel deliberately refused to participate in discovery." *Id.* (no flagrant bad faith or callous disregard for the rules when the attorney was late responding to requests because his legal assistant quit, and the discovery deadlines were not calendared) The trial court was free to credit the attorney's testimony and decline to issue case-ending sanctions. The trial court's finding was within the zone of reasonable disagreement. Thus, the evidence presented at the hearing does not conclusively establish Almaraz's flagrant bad faith or callous disregard for the rules.

## E.    State's Failure to Conclusively Prove Its Claim

Absent the deemed admissions, the State could not conclusively prove the requirements for forfeiture that the police officers had probable cause to seize the money and that the money was contraband. But the State contends that, regardless of the deemed admissions, there is evidence "sufficient to establish that the money is contraband and to show probable cause for seizing it." The State relies solely on the State's pleading and the "sworn statement attached to the State's pleading." These documents, however, were not admitted into evidence at trial. Thus, they are not evidence, and we do not consider them in a sufficiency review. *See, e.g.*, *In re McQuaide*, No. 14-17-00272, 2017 WL 1512253, at *1 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, orig. proceeding); *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724–25 (Tex. App.—San Antonio 2004, no pet.); *Noble Expl.,*

*Inc. v. Nixon Drilling Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ).

Furthermore, assuming for the sake of argument that the trial court was required to credit the deemed admissions, the admissions do not conclusively establish that the police officers had probable cause to seize the money. A person's mere possession of a large sum of cash and the person's exhibiting some characteristics of a drug courier is insufficient to establish probable cause to justify forfeiture. *Deschenes v. State*, 253 S.W.3d 374, 385 (Tex. App.—Amarillo 2008, pet. ref'd), *quoted in Approximately $31,421.00 v. State*, 485 S.W.3d 73, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (reversing jury finding for legally insufficient evidence on the issue of whether property was contraband).

The State relies on an admission that a drug dog gave a positive alert to the money "on or about" the date of the seizure. Although evidence of a dog alert may show probable cause for a seizure,[4] the admission does not state that the alert occurred before the seizure.[5] Indeed, a fact finder could not infer from this admission that the alert occurred before the seizure. *Cf. Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984) (holding that the evidence was legally insufficient to support a finding that the defendant did an act after a particular date because there was meager circumstantial evidence giving rise to

---

[4] *See $130,510.00 in U.S. Lawful Currency v. State*, 266 S.W.3d 169, 177 (Tex. App.—Texarkana 2008, pet. denied) ("But a dog's alert is just probable cause to continue investigating, not conclusive proof the money has been exposed to a controlled substance . . . ."); *Deschenes*, 253 S.W.3d at 384 n.19 (recognizing that a positive alert by a drug detection dog is strong proof of probable cause); *cf. Medina v. State*, 565 S.W.3d 868, 877 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) ("If a drug-sniffing dog positively alerts to the presence of a controlled substance, the police then have probable cause to arrest a person for the possession of that controlled substance.").

[5] Nor does the sworn statement attached to the State's pleading state that the dog sniff occurred before the seizure. The statement appears to present facts in chronological order. The statement recites that the seizure occurred, and then states that the dog sniff occurred.

inferences that were equally consistent with the proposition that the defendant performed the act before or after that date; "When circumstances are consistent with either of the two facts and nothing shows that one is more probable than the other, neither fact can be inferred."); *see also Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 265 (Tex. 2014) (applying the equal-inference rule). Due to the absence of evidence that the alert occurred before the seizure, the trial court, acting as fact finder, could have concluded reasonably that the State did not prove that the officers had probable cause to seize the money.

## F.     Summary

The State did not conclusively establish Almaraz's bad faith or callous disregard for the rules so as to justify case-ending discovery sanctions. Regardless, even if the State did, the evidence admitted at trial did not conclusively establish the State's claim. Thus, the evidence is legally sufficient to support the trial court's judgment.

The State's sole issue is overruled.

## III.   CONCLUSION

Having overruled the State's sufficiency challenge, we affirm the trial court's judgment.

/s/     Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

11