# NO. 12-19-00016-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC C. RALLS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BRIAN FUNK,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eric Ralls appeals from an adverse summary judgment rendered against him in Appellee Brian Funk's breach of contract suit. In a single issue, Ralls asserts the trial court erred in denying his motion to quash deemed admissions, the summary judgment is improper, and the attorney's fees awarded are unreasonable. We affirm.

## BACKGROUND

On January 1, 2014, Funk agreed to loan $65,000 to Ralls, memorialized by a promissory note. On that same date, the parties entered into a consultant agreement by which Ralls agreed to pay Funk $47,840 for certain services he was to provide. Ralls failed to pay the amounts due under the note or the agreement, and Funk sued to recover the sums owed.

The court rendered partial summary judgment in favor of Funk on the cause of action to recover on the promissory note on April 10, 2018 and severed that cause from the breach of contract cause. Funk served his first request for admissions on Ralls on September 19, 2018, to be answered within thirty days. Funk filed a motion for summary judgment in the breach of

contract case on October 23, 2018, relying on his unsworn declaration[1] and Ralls's deemed admissions to prove his case.

On November 8, 2018, Ralls served responses to Funk's request for admissions via facsimile wherein Ralls denied that Funk performed any consulting services for him. On November 19, 2018, Ralls filed a motion to quash deemed admissions and, in the alternative, undeem the responses. He claimed to have mistakenly believed that discovery had been abated and argued that the request for admissions impermissibly addressed controverted issues making up the fundamental legal issues of the case. He specifically argued that Funk provided no evidence of his performance of the contract other than the deemed admission. On the same day, Ralls filed his response to the motion for summary judgment. The response is supported by numerous exhibits including Ralls's response to Funk's request for admissions. Ralls also argued that Funk's self-serving declaration that he performed is not proof.

Funk filed objections to Ralls's summary judgment evidence. The trial court granted Funk's objections to the evidence and granted his motion for summary judgment. The court ordered Ralls to pay the principal amount of $41,340, plus interest and attorney's fees. The court also denied Ralls's motion to quash the deemed admissions. This appeal ensued.

## DEEMED ADMISSIONS

In his sole issue, Ralls attacks the summary judgment by way of his assertion that the trial court abused its discretion in failing to quash, and erred by relying on, deemed admissions. Ralls asserts that good cause exists to allow withdrawal of the deemed admissions because he mistakenly believed that discovery was abated pending mediation. He also argues that use of the deemed admissions violates due process because one of the admissions is merits-preclusive, and its use is a prohibited attempt to get him to admit that Funk has a valid cause of action and he has no ground of defense. He further contends that Funk did not meet his burden to show that Ralls's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules.

**Standard of Review and Applicable Law**

Once an action is filed, a party may serve written requests for admissions that can encompass any matter within the scope of discovery. TEX. R. CIV. P. 198.1. If the opposing party does not serve its responses to the admissions requests within thirty days, the matters in the

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West 2019).

2

requests are deemed admitted against the party without the necessity of a court order. ***Id***. 198.2(c). Any matter admitted or deemed admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. ***Id***. 198.3; ***Marshall v. Vise***, 767 S.W.2d 699, 700 (Tex. 1989).

We review the denial of a request to withdraw deemed admissions for an abuse of discretion. ***Stelly v. Papania*** 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). Withdrawal of deemed admissions is permitted upon a showing of good cause for failure to timely respond and a finding by the trial court that (1) the party relying upon the deemed admissions will not be unduly prejudiced, and (2) presentation of the merits of the action will be served by the withdrawal. Tex. R. Civ. P. 198.3; ***Marino v. King***, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam). The party seeking withdrawal of the deemed admissions has the burden to establish good cause. ***Boulet v. State***, 189 S.W.3d 833, 836 (Tex. App.−Houston [1st Dist.] 2006, no pet.). Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. ***Wheeler v. Green***, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam).

A different standard applies when the deemed admissions are merits preclusive. *See **id***. at 443-444. When requests for admissions are used as intended, addressing uncontroverted matters or evidentiary ones like authenticity or admissibility of documents, deeming admissions by default is unlikely to compromise presentation of the merits. ***Id***. at 443. Requests for admissions were never intended to require a defendant to admit the validity of a plaintiff's claims or concede his defenses. ***Marino***, 355 S.W.3d at 632. When a party uses deemed admissions to try to preclude presentation of the merits, where the requestor essentially seeks an admission of liability, the deemed admission can amount to a death-penalty sanction. ***Medina v. Zuniga***, No. 17-0498, 2019 WL 1868012, at *3 (Tex. April 26, 2019). In that instance, constitutional due process concerns arise. ***Marino***, 355 S.W.3d at 632.

When requests for admissions are merits preclusive, the trial court is required to allow their withdrawal unless the party requesting withdrawal acted with flagrant bad faith or callous disregard for the rules in failing to timely respond to requests for admissions. ***Wheeler***, 157 S.W.3d at 443. Ordinarily, the burden of showing good cause lies with the party seeking withdrawal of deemed admissions. *See **Boulet***, 189 S.W.3d at 836. But when the requests for admission are merits preclusive, the party opposing the withdrawal of the admissions has the

burden to show that the party seeking the withdrawal acted with bad faith or callous disregard of the rules. *See Marino*, 355 S.W.3d at 634.

Simple bad judgment does not rise to the level of bad faith or callous disregard for the rules. *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 860 (Tex. App.−Houston [1st Dist.] 2017, no pet.). Bad faith is the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 666 (Tex. App.−San Antonio 2014, pet. denied). A determination of bad faith or callous disregard can be made when a party is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules. *Ramirez*, 521 S.W.3d at 860. When no showing of bad faith or callous disregard for the rules is made, it is presumed that presentation of the merits would be served by allowing withdrawal of the deemed admissions. *See Marino*, 355 S.W.3d at 634; *In re Sewell*, 472 S.W.3d 449, 456 (Tex. App.−Texarkana 2015, orig. proceeding).

Finally, to permit withdrawal, the evidence must also show that the opposing party will not be unduly prejudiced by the withdrawal of the merits-preclusive admissions. *See Marino*, 355 S.W.3d at 633. Undue prejudice may be shown if withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. *See Wheeler*, 157 S.W.3d at 443.

## Analysis

On September 19, 2018, Funk served Ralls requests for admissions, production, and interrogatories regarding the breach of contract claim. Funk requested only three admissions. They are as follows:

> No. 1: Admit Defendant signed the Consultant Agreement.
> No. 2: Admit Plaintiff performed Plaintiff's obligations under the Consultant Agreement.
> No. 3: Admit Defendant did not pay Plaintiff the Fee, as the term is defined in the Consultant Agreement.

The due date for Ralls's responses was October 19, 2018. Funk's October 23 motion for summary judgment put Ralls on notice that the deemed admissions were to be used against him. Ralls's untimely responses to the request for admissions were served on November 8 and his untimely responses to interrogatories were served on November 11.

4

*Merits-Preclusive Discovery Sanction*

In his November 8 answers to the requests, Ralls admitted the first and third requests for admission. The first and third requests clearly involved uncontroverted facts and therefore are unobjectionable. *See id*. On appeal, Ralls complains only of the second request, arguing that the issue of whether Funks performed his obligations under the contract is "the basis for the merit" of his breach of contract claim. He argues that, by this request, Funk asks Ralls to admit to the validity of the claim and concede he has no defense, matters that are in dispute. We agree that deemed admission number two is merits preclusive. This request did not seek to discover information. It relieved Funk of the burden to prove an ultimate issue of fact necessary to establish his case, that he performed as required by the consultant agreement. This was not a proper use of requests for admissions, and it implicates due process concerns. *See **Marino***, 355 S.W.3d at 632. Therefore, we consider whether Funk demonstrated that Ralls, in failing to timely respond to the request for admissions, acted in flagrant bad faith or with callous disregard for the rules.

*Flagrant Bad Faith or Callous Disregard*

Ralls filed his motion to quash the deemed admissions on November 19, 2018, asserting that his failure to timely respond to the request for admissions was due to mistake. He claimed that, "[d]uring the process of negotiating settlement of the note judgment, the parties agreed to abate discovery and to mediate the note." Ralls believed discovery remained abated. He presented no evidence in support of his motion.

Partial summary judgment was granted in favor of Funk on the promissory note cause of action on April 6, 2018. A severance order was rendered on May 22, 2018, making this a final judgment. On August 10, 2018, Funk served requests for production on Ralls with an initial response deadline of September 10 that was later extended to September 25, 2018. By these requests, Funk sought financial information to aid in collection of the April 6 judgment. On October 23, 2018, Funk filed a motion to compel production of documents pertaining to the April 6 judgment. Ralls did not produce any documents, although he did pay off the April 6 judgment.

The original scheduling order provides that discovery was to be completed by January 11, 2019. The record contains no abatement order or evidence of an agreement between the parties. The record does contain Funk's counsel's declaration in which he states there was no agreement to extend the October 19 deadline. Funk's September 19, 2018 request for admissions was served prior to the scheduling order's cutoff and long after the judgment on the note had been rendered.

5

Ralls has not identified a logical connection between abatement of discovery in the breach of contract cause of action and negotiations regarding collection on the note.

To sum up, Ralls answered three weeks late and never produced documents. Although requests and responses were sent within the court's scheduling order deadline, there was no written agreement between the parties to extend the deadline for responses to Funk's requests for admissions, or a court order of abatement. Ralls's excuse, based on an untethered assertion, invites skepticism. His failure to confirm the due date was imprudent. However, there is nothing in the record to show Ralls consciously missed the deadline for dishonest, discriminatory, or malicious purposes. *See Time Warner, Inc.*, 441 S.W.3d at 666. Ralls's untimeliness does not rise to the level of flagrant bad faith or callous disregard for the rules. We presume that presentation of the merits would be served by allowing withdrawal of the deemed admissions. *See In re Sewell*, 472 S.W.3d at 456.

Finally, allowing withdrawal of the admissions would not delay a trial or significantly hamper Funk's ability to prepare for trial. Funk was already in possession of Ralls's responses. Further, Funk had already moved for summary judgment, and the motion was supported by evidence other than the admissions. Therefore, there was no showing that withdrawing the admissions would lead to undue prejudice. *See Wheeler*, 157 S.W.3d at 443. We conclude that withdrawal of the merits-preclusive admission was required. *See id.* Accordingly, the trial court abused its discretion in failing to grant Ralls's motion to quash the deemed admissions. *See Stelly*, 927 S.W.2d at 622.

## SUMMARY JUDGMENT

Ralls does not contest the existence of the agreement. He argues that a deemed admission satisfied a fundamental issue in the case, the element of performance of the contract, and, therefore, rendering summary judgment on that deemed admission is reversible error. As explained above, the trial court erred by not withdrawing the deemed admissions, and we will review the summary judgment without considering the deemed admissions as evidence.

### Standard of Review and Applicable Law

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A plaintiff moving for summary judgment must conclusively establish all

6

essential elements of his cause of action as a matter of law. ***MMP, Ltd. v. Jones***, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). Once the movant establishes his right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. ***Amedisys, Inc. v. Kingwood Home Health Care, LLC***, 437 S.W.3d 507, 511 (Tex. 2014).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. ***Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair minded jurors could differ in their conclusions in light of all the summary judgment evidence. ***Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

To prove a breach of contract claim, the following elements must be satisfied: 1) a valid contract, 2) the plaintiff performed or tendered performance, 3) the defendant breached the contract, and 4) the plaintiff was damaged as a result of the breach. ***Critchfield v. Smith***, 151 S.W.3d 225, 233 (Tex. App.−Tyler 2004, pet. denied).

**Analysis**

In support of his motion for summary judgment, Funk presented his declaration, the consultant agreement, the promissory note, and the declaration of his attorney, Gwen I. Walraven. Paragraph three of the agreement provided in its entirety: "Consultant will provide services in connection [sic] internet arbitrage transactions related to Owner's interest in the website known as Red Orbit." In his declaration, Funk explained that he and Ralls entered into a consultation agreement on January 1, 2014, in which he agreed to provide Ralls with consultation services regarding internet arbitrage transactions related to Ralls's interest in a website known as Red Orbit. In exchange for those services, Ralls agreed to pay Funk $47,840. Both parties signed the agreement. Funk also stated in his declaration: "In the regular course of my business, I provided the Services to Ralls. The Fee came due on January 1, 2015. Ralls failed to pay the Fee, which is defined in the Agreement. The principal amount due and owing under the terms of the Agreement is $41,340." This evidence proves the elements of Funk's breach of contract claim and Funk's entitlement to summary judgment. *See* TEX. R. CIV. P. 166a(c); ***MMP, Ltd.***, 710 S.W.2d at 60; ***Critchfield***, 151 S.W.3d at 233.

After Funk established his right to summary judgment as a matter of law, the burden shifted to Ralls to present evidence raising a genuine issue of material fact. *Amedisys, Inc.*, 437 S.W.3d at 511. Ralls submitted evidence in support of his response to the motion for summary judgment, Funk objected to the evidence, and the trial court sustained the objections. Ralls did not complain of that ruling on appeal. Accordingly, Ralls did not raise a genuine issue of material fact. The trial court did not commit reversible error in granting the summary judgment for Funk. *See* TEX. R. CIV. P. 166a(c).

## ATTORNEY'S FEES

Ralls contends the trial court erred in awarding attorney's fees to Funk. He alludes to due process issues and asserts that Funk's claim should fail. Further, he argues that the evidence does not support the fee award. Specifically, he asserts the amount awarded is not fair, just, or reasonable. We disagree. As explained above, summary judgment in favor of Funk on his breach of contract cause of action was proper.

A party may recover reasonable attorney's fees in a breach of contract case if the party claiming the fees prevails on its breach of contract claim and recovers damages. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015); *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837-38 (Tex. App.−Dallas 2014, no pet.). A "reasonable" attorney's fee is one that is not excessive or extreme, but rather moderate or fair. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The award of attorney's fees generally rests in the sound discretion of the trial court. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). We review the amount awarded as attorney's fees under a legal sufficiency standard. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). If an award of trial attorney's fees is mandatory under Section 38.001, an award of appellate attorney's fees is likewise mandatory. *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015).

Under the lodestar method of calculating reasonable attorney's fees, the trial court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly billing rate. *El Apple I, Ltd.*, 370 S.W.3d at 760. The product is the base fee or lodestar. *Id*. The court may then adjust the lodestar up or down, if necessary to reach a reasonable rate. *Id*. A lodestar calculation presumptively produces a reasonable and necessary fee. *Rohrmoos Venture*, 578 S.W.3d at 499. The party seeking the fees has the burden of proof and should address (1) the

nature of the work, (2) who performed it and their respective rates, (3) when the services were performed, and (4) the number of hours worked. *El Apple I, Ltd.*, 370 S.W.3d at 762-63. There must be evidence of time spent on specific tasks. *Long v. Griffin*, 422 S.W.3d 253, 255 (Tex. 2014). As with fees awarded for work during a trial, there must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees. *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex. App.–Houston [1st Dist.] 1983, no writ).

Funk's lead counsel, Gwen Walraven, prepared a lengthy declaration dated October 23, 2018, setting out details on which she based her attorney's fees. She stated that she is familiar with the type of litigation involved in this matter and the legal services ordinarily and necessarily performed by attorneys handling such a matter. She said she is familiar with the reasonable, usual, and customary attorney's fees normally charged for handling this type of litigation in Texas. She identified her hourly rate, between $450 and $480 per hour, and stated that it is reasonable and customary in Dallas and Smith Counties for an attorney with her experience. Walraven also stated that all services she performed in connection with this matter were necessary. She listed the legal services provided and identified how much time she spent on each task. She stated that she expended in excess of 50.3 hours working on the case and anticipated working at least another four hours on the case.

Walraven also stated that her associate, Scott Larson, expended in excess of 85.2 hours on this case and will spend an additional twelve hours on the case, and his legal fee rate has been between $310 and $350 per hour. She stated that all services performed by Larson in connection with this matter were necessary. She listed the specific legal services Larson provided and stated the amount of time spent on each task. Walraven also identified $1,720.71 in expenses and costs related to prosecution of this case. She stated that the sum of at least $58,385.91 is the usual, customary, and reasonable fee for the legal services rendered in this matter. Her calculations included fees incurred in prosecuting both the claim on the note and the breach of contract claim.

In her declaration, Walraven also addressed a total of $46,000 in potential legal fees that could be incurred post-judgment, depending on how far the parties take the contest. She identified separate reasonable amounts for each stage of the case.

We conclude that Funk's expert presented legally sufficient evidence to support the trial court's award of attorney's fees. Walraven's declaration identified the attorneys' experience level and their hourly rate, the work performed, and the time attributed to particular tasks. Accordingly,

the trial court did not abuse its discretion in awarding those fees. *See **El Apple I, Ltd.***, 370 S.W.3d at 762-73. We overrule Ralls's sole issue.

## DISPOSITION

Having overruled Ralls's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-19-00016-CV**

**ERIC C. RALLS,**
Appellant
V.
**BRIAN FUNK,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-1625-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **ERIC C. RALLS**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*